NORTH CAROLINA EQUIPMENT COMPANY v. JAMES L. DeBRUHL, d/b/a LAFAYETTE TRANSPORTATION SERVICE

No. 7510SC602

(Filed 7 January 1976)

1. **Corporations § 25; Uniform Commercial Code § 29— signing note for corporation — parol evidence**
    Parol evidence was admissible to show that defendant signed a note and security agreement, "LaFayette Transportation Service," with defendant's name signed thereunder, as agent for LaFayette Transportation Service, Inc., a duly organized corporation, and the evidence supported the court's determination that defendant was not individually liable on the note and security agreement. G.S. 25-3-403 (2) (b).

2. **Corporations § 1— alter ego of individual — insufficiency of evidence**
    Evidence that a corporate office is the den in defendant's home, that defendant has not read the corporate by-laws, and that he is unfamiliar with the corporation's tax matters did not establish that the corporation was merely defendant's alter ego and that he was individually liable on a note which he executed for the corporation.

APPEAL by plaintiff from *Smith, Judge.* Judgment entered 16 April 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 22 October 1975.

Plaintiff brought this action to obtain a deficiency judgment after the sale of collateral securing a note, and also to collect an account. Defendant denied personal liability on the note and the account and alleged that the debtor was a corporation, LaFayette Transportation Service, Inc., of which he was president.

Plaintiff attempted to establish that it sold a dragline and front end loader to defendant and that defendant executed a note to plaintiff for $22,390.80 as payment for the equipment. The note was signed as follows:

> *"LaFayette Transportation Service* (Seal)
>
> "x(s) *James L. DeBruhl* (Seal)"

Also a security agreement was executed giving plaintiff a purchase money security interest in the equipment to secure payment of the note. The security agreement was signed in a similar manner, and the ledger card for the account designated the debtor as "Lafayette Transportation Service."

Upon default of the note, leaving an unpaid balance of $18,390.80, notice of public sale was given and public sale was held. The equipment was sold for $5,000.00, leaving a balance of $13,390.80. There was also owed plaintiff the sum of $620.11 on an account, giving plaintiff a claim for $14,010.91.

Defendant's evidence tended to show that he purchased the equipment as an agent on behalf of LaFayette Transportation Service, Inc., a duly oraganized corporation, with articles of incorporation, a corporate seal, four directors, and a corporate bank account.

Defendant introduced into evidence an earlier note executed to plaintiff and signed in the following manner:

> *"LaFayette Transportation Ser. Inc.* (Seal)
> By *James DeBruhl* (Seal)"

On cross-examination, defendant stated that he had never read the by-laws of LaFayette Transportation Service, Inc., and that LaFayette's corporate office was in the den of defendant's home.

The court held that defendant had made the purchases as president of LaFayette Transportation Service, Inc., and not in his individual capacity. From the judgment plaintiff appealed to this Court.

*Allen, Steed and Pullen, P.A., by Arch T. Allen III, for plaintiff appellant.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by Elmo R. Zumwalt III, for defendant appellee.*

ARNOLD, Judge.

The question presented by this appeal is whether the trial court erred in its holding that defendant was not liable on the note.

G.S. 25-3-403 (2) provides as follows:

> "An authorized representative who signs his own name to an instrument
>
> . . . .
>
> (b) *except as otherwise established between the immediate parties,* is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." [Emphasis added.]

[1]  This action involves the immediate parties to the transaction. The exception to the above general principle ["except as otherwise established between immediate parties"] allows the introduction of parol evidence to establish the requisite agency status to avoid personal liability.

> "When the plaintiff who sues the agent personally is one who dealt directly with the agent, and the signature either names the principal or indicates the representative capacity, section 3-403(2)(b) permits the agent to introduce parol evidence of his agency status to avoid personal liability." J. J. White and Robert S. Summers, Uniform Commercial Code § 13-5, p. 406.

The defendant in the instant case introduced parol evidence of his agency status and the trial judge, as trier of fact, made findings substantially consistent with defendant's evidence. The

Moore v. Gas Co.

trial judge concluded that plaintiff "knew or should have known that James L. DeBruhl was acting for and as President of Lafayette Transportation Service, Inc." He further concluded that "James L. DeBruhl did not intend to sign and did not sign the note and Security Agreement as an individual but as President of Lafayette Transportation Service, Inc." Defendant presented ample competent evidence upon which the trial court could base its findings and conclusions.

[2]  Furthermore, we do not see merit in plaintiff's contention that LaFayette Transportation Service is merely defendant's alter ego. Plaintiff's evidence establishes that defendant's den is the corporate office, that defendant has not read the corporate by-laws, and that he is not familiar with the corporation's tax matters. This is not sufficient evidence to show that the corporation was "ignored as a separate entity," and it is insufficient to apply the alter ego doctrine and hold defendant personally liable.

We find no prejudicial error, and the judgment of the trial court is

Affirmed.

Judges BRITT and VAUGHN concur.