Hudson-Thompson, Inc., appellant, brought an action to permanently enjoin The Leslie C. King Company, Inc., appellee, its lessee, C P Vic's, Inc., and its sub-lessee, John A. Walker, from conducting a retail business without complying with the zoning laws of the City of Tuskegee.
Appellant alleges that the defendants intended to establish a retail business without providing off-street parking as required by a Tuskegee zoning ordinance. It further alleges that this is likely to cause prospective *Page 542 
customers of the defendants to use parking spaces provided by appellant for its customers. The trial court granted summary judgment for the appellee and directed the entry of a final judgment upon an express determination that there was no just reason for delay. Rule 54 (b) ARCP. We reverse.
The general rule is that a court of equity has jurisdiction to enjoin the violation of a zoning ordinance at the insistence of a private citizen who shows special damage by way of impairment of value or otherwise. Moore v. Pettus, 260 Ala. 616, 71 So.2d 814 (1954).
Summary judgment was granted on the basis of the pleadings, affidavits and brief and argument of counsel. For purposes of ruling on a motion for summary judgment, uncontradicted facts alleged in the pleadings and affidavits are taken as true. Rayv. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975). Even if the facts are undisputed, the motion should not be granted unless the moving party is entitled to judgment as a matter of law. Rule 56 (c) ARCP.
Appellant owns and operates a retail grocery and supermarket in Tuskegee. When the supermarket opened for business, a vacant warehouse owned by the appellee was located directly across the street. The appellee leased the building and land to C P Vic's, Inc. Appellant instituted the present action claiming that C P Vic's intended to operate a retail business establishment on the premises in violation of the zoning laws.
The retail establishment never opened. C P Vic's sublet the premises to John A. Walker. Appellant then added Walker as a party defendant to the suit.
In support of its motion for summary judgment, appellee offered the affidavit of the building and codes inspector of Tuskegee. In essence, it states that remodeling or repairs made on the building were not "alterations" for purposes of the zoning laws which deal with off-street parking requirements. The affidavit is not contradicted by anything the appellant offered in opposition to the motion for summary judgment.
However, the affidavit of Glenn Holmes, manager of appellant's supermarket, is also uncontradicted. It states that the vacant warehouse underwent alterations which Holmes discovered were done for the purpose of opening a retail store. The retail store never opened but the building has been used as a skating rink and a private club, where bingo is played and alcoholic beverages are served. Also, the parking area which is provided is unpaved.
Appellee argues that the issue is whether the building in question had been altered. Appellant argues that the issue is whether the trial court correctly interpreted the city ordinance in that it failed to consider changes in the "Use" of the building. We agree with the appellants' statement of the issue.
The concept of "use" is fundamental to most, if not all, zoning laws and their operation. See Rathkopf, The Law of Zoning and Planning, Chapter 58. The Tuskegee ordinance is no exception. In that ordinance "use" is defined as:
 "The purpose for which land or a building or other structure is designed, arranged, or intended, or for which it is or may be occupied or maintained."
In the ordinance "non-conforming use" is defined as:
 "A use of any structure or land which, though originally lawful, does not conform with the provisions of this ordinance or any subsequent amendments thereto for the district in which it is located."
Section 68.1 of the ordinance provides:
 "No building or structure or part thereof shall hereafter be erected or altered and no land or part thereof shall be used except where there shall be provided and maintained adequate off-street parking space as herein defined. . . . Parking spaces shall be provided in amounts not less than hereinafter specified, and shall not subsequently be rereduced below the requirements of this Ordinance." *Page 543 
We do not understand the above section to read, as appellee argues, that the use of an existing building or structure may change from a warehouse to a skating rink, to a private club, without complying with the off-street parking requirements as long as the building structure is not "altered." The objective of zoning is to eliminate non-conforming uses. Moore, supra. It would be a novelty to hold that a conforming use can change to a non-conforming use without violating the ordinance but a non-conforming use cannot change to another non-conforming use.
Section 4 of the ordinance, entitled "Uses" provides in part:
 "Any use or structure existing at the time of enactment or of subsequent amendment to this ordinance, but not in conformity with its provisions, may be continued with the following limitations: Any use of structure which does not conform to the provisions of this ordinance shall not be: a. Changed to another non-conforming use."
The ordinance also states certain minimum parking requirements, e.g., one parking space per one and one-half employees of a warehouse; one parking space per one hundred square feet of floor area for dance hall or private club; and one parking space per one hundred and fifty square feet of floor area for a retail store. The statute also provides that the parking area must be paved with concrete or bituminous which meets the specification requirements for residential streets.
We hold that the trial court erred in not considering the change in "use" of the building as a factor in deciding if the off-street parking requirements were met.
The judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.