This is an appeal from a judgment in favor of the defendant and against the plaintiff in a dispute over who is responsible for the payment of the balance due on a note.
The facts show that S.H. Coussement, president of Replex Corporation, executed a note whereby Replex promised to pay Kuhns Engineering Service $3,844.50 for consulting services which would be furnished to Replex Corporation. *Page 781 
Coussement signed the note without indicating that he was signing it as president of Replex. After the execution of the note, Kuhns died and his wife, the plaintiff, was appointed executrix of his estate.
Mrs. Kuhns, as executrix of her husband's estate, brought suit in the District Court of Tuscaloosa County against Replex Corporation and Mr. Coussement individually.
Counsel for Mr. Coussement responded to this complaint by filing a "motion in response to the complaint" on January 18, 1980 with the court requesting it, inter alia, to dismiss Coussement from the suit on the ground that:
 [T]his action is based upon alleged business relationships between the Plaintiff and the Defendant Replex Corporation. There is no showing in the Complaint or in the attachments thereto of any basis whatsoever for individual liability on the part of the corporate officer for alleged obligations of the corporation.
On February 13, 1980 defendant filed an affidavit in support of this motion stating, among other things that:
 As to the subject matter of the . . . lawsuit, this suit involves a business transaction between Replex Corporation and Kuhns Engineering Services. At all times, under all circumstances, Replex Corporation was doing business as a corporate entity and I acted and was acting as a corporate official and not in my individual capacity. At no time did I represent to any party to the above-referenced transaction that I was acting in an individual capacity.
The district court never ruled on this motion before rendering a judgment in this cause on April 2, 1980 against Replex Corporation for $4,063.93. At the same time, however, the court refused to find Mr. Coussement liable on the note. Appeal was perfected by plaintiff to the circuit court from that part of the judgment finding in favor of Coussement.
After the appeal to the circuit court, plaintiff filed a motion for summary judgment based on the pleadings, the note, and an attached memorandum of law. The trial court overruled the motion and proceeded to a hearing on the merits. After the ore tenus hearing the court found for the defendant, Coussement.
Before considering the merits of this appeal, we will examine plaintiff's complaint that the trial court erroneously overruled her motion for summary judgment.
As we have said in the past, a party is not entitled to a summary judgment if he fails to show by the pleadings, depositions, answers to interrogatories, admissions, and affidavits that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law.Hudson-Thompson, Inc. v. Leslie C. King Co., Ala.,361 So.2d 541 (1978); Vasko v. Jardine, Ala., 346 So.2d 962 (1977).
As previously noted, plaintiff relied on the pleadings and a copy of the note to support her summary judgment motion that Coussement had signed the note in an individual rather than a representative capacity and was therefore personally liable thereon as provided by § 7-3-403 (2)(b), Code of Alabama 1975, which provides:
 (2) An authorized representative who signs his own name to an instrument:
. . . .
 (b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity. . . . [Emphasis added.]
The defendant did not oppose the motion with affidavits; consequently, the trial court was required to consider the factual allegations in the pleadings filed in this case as true. Hudson-Thompson, Inc. v. Leslie C. King Co., supra.
The only pleadings present in this cause at this time were plaintiff's complaint and defendant's "motion in response to the complaint" which was accompanied by Coussement's affidavit. Although defendant did not specifically refer to his "motion" as an answer, the district court apparently regarded it as such for defendant never *Page 782 
filed an ARCP 7 (a) answer in response to plaintiff's complaint before the court entered a judgment in his favor. A bona fide motion is certainly not a pleading within the intendment of Rule 7 of the Alabama Rules of Civil Procedure. See generallyIn re Zweibon, 565 F.2d 742 (D.C. Cir. 1977); ARCP 7 (a), (b). Nevertheless, if the grounds marshalled by a defendant in support of his "motion to dismiss" a plaintiff's complaint collectively constitute a general denial of liability to the plaintiff, a court may treat the "motion" as an answer and proceed to a determination of the case on its merits provided that (1) plaintiff's substantial rights are not prejudiced or compromised by such a conversion and (2) plaintiff has been previously afforded ample opportunity to respond to the "motion." See generally Diaz-Buxo v. Trias Monge, 593 F.2d 153
(1st Cir. 1979), cert. denied, 444 U.S. 833, 100 S.Ct. 64,62 L.Ed.2d 42 (1979). Since defendant's motion to dismiss was equivalent to a general denial of liability on the part of defendant to plaintiff and because plaintiff filed a memorandum of law in opposition to the "motion" and her substantial rights in maintaining and prosecuting her claim were not prejudiced or compromised by the court's consideration of defendant's "motion" as an answer, we cannot say that the court erred in treating defendant's motion as an answer. In view of the fact that plaintiff bottomed her motion for summary judgment on the pleadings filed and the note involved in this cause and because an answer is a pleading, ARCP 7 (a), we are constrained to hold that defendant's answer to plaintiff's complaint raised a genuine issue of material fact, i.e. whether defendant signed the note in a representative or an individual capacity, which could not be resolved simply by reference to the pleadings and the note involved in this action and that the trial court correctly overruled plaintiff's motion for summary judgment.
Plaintiff contends here, as she did below, that Coussement is personally liable on the note. She relies on § 7-3-403 (2)(b) as set out above which requires that an authorized representative who signs his own name to an instrument without indicating that he is doing so in a representative capacity must be held personally liable, "[e]xcept as otherwise established between the immediate parties."
The note does not show that Coussement signed it in a representative capacity; therefore, in order to avoid liability, Coussement must show that as between the immediate parties, i.e. Kuhns and Coussement, there was an agreement, an understanding, or a course of conduct which would tend to prove that he was signing the note in a representative capacity.Rotuba Extenders, Inc. v. Ceppos, 46 N.Y.2d 223, 413 N.Y.S.2d 141,385 N.E.2d 1068 (1978). Parol evidence is admissible to disclose any such understanding, agreement or course of conduct between the immediate parties. Highfield v. Lang, Ind. App.,394 N.E.2d 204 (1979); North Carolina Equipment Co. v. DeBruhl,28 N.C. App. 330, 220 S.E.2d 867 (1976).
The note shows that Replex Corporation promised to pay Kuhns Engineering Service for services rendered, and Coussement testified that he signed the note "only as a corporate officer for the corporation." But the mere self-serving allegation of the signer's subjective intent to sign as a representative does not establish that the parties to the note had an agreement that the signer of the note was doing so in a representative capacity. Rotuba Extenders, Inc. v. Ceppos, supra. Furthermore, the fact that several payments were made to Kuhns drawn on the corporate account of Replex Corporation and that Replex had promised to pay for services rendered but did not are not sufficient to establish an understanding that Coussement was signing the note in a representative capacity. We therefore conclude that Coussement failed to carry the burden of proof placed on him by the "except" clause in § 7-3-403 (2)(b),supra.
The judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 783