S & F TRADING COMPANY, A GENERAL PARTNERSHIP v. DOUGLAS B. CARSON
    INDIVIDUALLY AND D/B/A CARSON AND ASSOCIATES, STEVE J. EM-
    MANUEL AND HEIDI S. EMMANUEL

No. 8726SC232

(Filed 17 November 1987)

**Landlord and Tenant § 6; Evidence § 32.7— identity of lessee—parol evidence inadmissible**

The trial court did not err in entering summary judgment for plaintiff in its action for breach of a lease agreement, and defendant could not rely on parol evidence to show that there was a genuine issue of fact with regard to the identity of the lessee where the contract was not ambiguous on its face; the contract was not a negotiable instrument and the N.C.G.S. § 25-3-403(b) exception to the parol evidence rule therefore would not apply; and the action was governed by the general rule that defendant could not escape liability on his unqualified signature by the mere assertion that he signed as a representative of a corporation.

APPEAL by defendant from *Saunders, Judge.* Order entered 21 March 1986 regarding liability, and judgment entered 9 October 1986 regarding damages in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 September 1987.

*Weinstein and Sturges, P.A. by L. Holmes Eleazer, Jr. and William H. Sturges for plaintiff-appellee.*

*DeArmon and Burris by James H. Morton for defendant-appellant.*

BECTON, Judge.

Plaintiff, S & F Trading Company, brought this action against defendants, Douglas B. Carson, Carson and Associates, and Steve J. and Heidi S. Emmanuel, to recover damages for breach of a lease agreement. The trial judge granted S & F Trading Company's motion for summary judgment against Douglas B. Carson individually and d/b/a Carson and Associates regarding the issue of liability. Defendant Douglas Carson appeals. We affirm.

I

The following facts are not in dispute. On 1 July 1979, defendant Douglas B. Carson entered into a written lease agreement

with co-defendant Steve James Emmanuel, as lessor, to lease the ground floor of a building located in Charlotte, North Carolina. The lease was for a period of three years beginning 1 July 1979 and ending 30 June 1982. On 31 December 1980, Emmanuel sold the leased property to S & F Trading Company (S & F), subject to the lease between him and Carson. In January 1981, Carson was notified of the sale and advised to send future rental payments to S & F. Carson paid rental to S & F in January, February, March, April, May, and June 1981. The January, May, and June rental payments were made on the checking account of Douglas Carson and Associates, Ltd., and were signed by Douglas B. Carson, individually. The February, March, and April rental payments were made on the checking account of Re/Max Properties, Inc. and were signed by S. Roslyn Langley. Rental payments were not received for July 1981 through June 1982. S & F made demand for payment by letter in June 1982. The trial judge concluded that Carson was liable as a matter of law, and a jury awarded S & F $9,600 plus interest in damages for Carson's breach of the lease agreement.

II

Carson's sole contention on appeal is that the trial judge erred in granting S & F's motion for summary judgment. Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits on file raise no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1982); *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmovant. In addition, in a contract case, the trial judge must determine whether the proffered evidence will be admitted under the parol evidence rule.

Carson contends on appeal that there is a genuine issue of fact regarding the identity of the lessee. He argues that the contract is ambiguous on its face and, consequently, the parol evidence rule does not apply. The parol evidence rule provides:

> [W]here the parties have deliberately put their engagements in writing *in such terms as import a legal obligation free of uncertainty*, it is presumed the writing was

intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony or prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent. [Citations omitted.] (Emphasis added.)

*Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953).

Carson argues that the lease agreement is ambiguous on its face because the party named in the body of the lease as the lessee is "Carson and Associates," and the contract was signed "by Douglas B. Carson." He argues that the term "by" before the signature indicates that he signed in a representative capacity for "Douglas Carson and Associates, Limited," a corporation. Furthermore, Carson contends, (1) because there is no such entity as "Carson and Associates," and (2) because the original lessor, Steve Emmanuel, in his verified answer, denied contracting with Doug Carson d/b/a Carson and Associates, the identity of the lessee should be determined by a trier of fact. We disagree.

Carson's attempt to avoid the parol evidence rule is circular at best. He relies on parol evidence to create ambiguity. The contract is not ambiguous on its face. There is no corporate designee anywhere on the contract; neither is there any indication that Carson signed in a representative capacity for a corporation. There is no seal or title of any kind beside his name. Further, the word "by" is placed in front of both signatures merely to introduce the signature lines, leaving no language within the contract to support Carson's construction.

Carson also attempts to avoid the parol evidence rule through a novel application of N.C. Gen. Stat. Sec. 25-3-403(b) (1986) which provides:

An authorized representative who signs his own name to an instrument . . .

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the

person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

The statute appears to permit parol evidence, between the "immediate parties" to a negotiable instrument, to demonstrate that a party who merely signed his name, intended to sign in a representative capacity. Carson argues section 403(b) was applied to a similar factual situation in *N. C. Equipment Co. v. DeBruhl*, 28 N.C. App. 330, 220 S.E. 2d 867, *cert. denied*, 289 N.C. 451, 223 S.E. 2d 160 (1976). In *DeBruhl* the court admitted parol evidence to establish that defendant signed in a representative capacity for a corporation when the signature block read:

"LaFayette Transportation Service
x(s) James L. DeBruhl"

Carson's reliance on *DeBruhl* is misguided. First, *DeBruhl* involved a negotiable instrument, which made section 403(b) controlling. Secondly, *DeBruhl* involved a suit between the "immediate parties" to the instrument thereby making applicable section 403(b)'s exception to the parol evidence rule. Although Carson makes several arguments in favor of extending the "immediate parties" parol evidence rule exception to the instant case, he cites no authority for so doing. Carson argues on the one hand that we should apply section 403(b) to "simple contracts," yet in the same breath he insists we ignore the limits of its specifically proscribed "immediate parties" exception. Moreover, Carson has not overcome the initial obstacle—that section 403(b) has not been specifically extended to contracts other than negotiable instruments. In *Keels v. Turner*, 45 N.C. App. 213, 217-18, 262 S.E. 2d 845, 847 (1980) this court referred to section 403 in stating the general rule that "one who places his unqualified signature on an instrument as maker or endorser will not be able to escape liability as such by a mere assertion that he intended to sign only as the representative of a corporation [citations omitted]"; however, *Keels* did not attempt to interpret section 403(b) which contains the exception for immediate parties that Carson would have us both embrace and extend. We decline the invitation to do so. We rely instead on the general rule that Carson cannot escape liability on his unqualified signature by the mere assertion that he signed as a representative of a corporation.

Judgment is affirmed.

Judges JOHNSON and PARKER concur.