This petition for writ of mandamus arises from an alleged error of the trial court in ruling on a pre-trial motion in an asbestos litigation case. We grant the petition.
In 1985, the City of Enterprise sued various named and fictitious defendants who had allegedly participated in the manufacture or sale of asbestos products used in the City's school buildings. In 1987, in an amended complaint, the City substituted the petitioner, the United States Gypsum Company ("U.S. Gypsum"), for one of the fictitious defendants. In response to this amended complaint, and prior to filing an answer, U.S. Gypsum filed numerous detailed pre-trial motions, including a motion to strike the amendment, a motion to dismiss for failure to state claims on which relief could be granted, a motion for judgment on the pleadings, and a motion for summary judgment, as well as various motions relating to venue and the joinder of parties. Among the grounds asserted in support of these motions were two matters that U.S. Gypsum claims are critical to its case: improper use of Alabama's fictitious party rules and the affirmative defense of the statute of limitations. Numerous other grounds, including various additional affirmative defenses, were also asserted in these various motions. The trial court subsequently denied the motion to strike and the motion to dismiss. The trial court apparently did not deny the other motions made by U.S. Gypsum, particularly the motions for summary judgment and for judgment on the pleadings, although its orders denying the motion to strike and the motion to dismiss are ambiguous as to these matters.
The parties subsequently proceeded with discovery and other pre-trial matters. Prior to trial, U.S. Gypsum filed two additional motions for summary judgment, raising the issue of improper fictitious party practice and the statute of limitations defense. In addition, U.S. Gypsum also filed with this Court a previous petition for a writ of mandamus, which raised the fictitious party practice issue; we denied that petition, without opinion. A final trial date was set, and 13 days before time for trial, U.S. Gypsum formally filed an answer to the City's amended complaint, the only pleading denominated as such that was filed by this defendant.
This pleading specifically realleged all matters raised by the pre-trial motions and also expressly recited various denials and defenses that had been raised in these prior motions. At least two new affirmative defenses, contributory negligence and assumption of risk, were also set forth in the answer. A few days before trial, the answer was the object of a motion to strike filed by the City, which alleged that the answer was untimely and that all of the *Page 559 
affirmative defenses set forth in the answer, including those raised by motion prior to the filing of the answer, prejudiced its case. The City alleged that it had insufficient notice of these defenses, due to U.S. Gypsum's failure to timely file an answer, and, consequently, that it was unprepared to meet the issues raised by these defenses at trial. The motion to strike all affirmative defenses asserted in the answer was granted six days before trial, and U.S. Gypsum filed the instant petition for a writ of mandamus and also requested an order staying further proceedings until we decided the merits of the mandamus petition. We issued an order staying further proceedings, and we now turn to the merits of U.S. Gypsum's petition for a writ of mandamus.
We think the parties would all agree that the answer was untimely filed, assuming that the time for filing it was not altered by U.S. Gypsum's original motions in response to the complaint. Far from being filed within 30 days of the service of the complaint, it was filed some 10 months after U.S. Gypsum was substituted for the fictitious defendant. We will also assume that the contents of an untimely answer, as with an improper amendment to an answer, could be subject to a motion to strike in certain circumstances, as where the plaintiff is prejudiced by the matters it contained. We do not think, however, that U.S. Gypsum's answer is subject to such treatment in this case.
First of all, we would note that we find some merit in U.S. Gypsum's argument that the answer was in fact timely filed, because the time for filing it was altered by Rule 12, although we do not base our holding on this rationale. Specifically, we note that the record contains evidence indicating that the trial court did not rule on all of U.S. Gypsum's original motions filed in response to the complaint. In particular, the summary judgment motion and the motion for judgment on the pleadings may have been outstanding at the time the answer was filed. Rule 12(a), Ala.R.Civ.P., provides that "[a] defendant shall serve his answer within 30 days after the service of the summons and complaint upon him." However, that Rule also states:
 "The service of a motion permitted under this rule alters [this period of] time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action. . . ."
In view of the fact that the motion for judgment on the pleadings is clearly a "motion permitted under" Rule 12, and in view of the fact that persuasive authority would treat a pre-answer Rule 56 motion for summary judgment similarly to a "Rule 12" motion in this context,[1] we think it possible that the defendant's answer was timely. Certainly, if the record more clearly demonstrated that the trial court failed to deny or to postpone these motions, we would hold that the answer was in fact timely filed, and that the trial court erred in striking the various affirmative defenses the answer *Page 560 
contained. In view of the ambiguities in the record, however, as to whether the defendant was given sufficient notice on this matter, we choose to base our holding on another equally valid ground, to be discussed below. Nevertheless, we think it important for both bench and bar to note that Rule 12 contemplates affirmative action by the trial court on pre-trial motions: the trial court should deal with such motions in as unequivocal language as possible in order that the movant not be left guessing as to when his answer is due.[2] Only clear rulings by the trial court can prevent abuse of the rules by either the moving or the non-moving party in regard to the time requirements of the rules.
Regardless of whether the formal "answer" was timely, we hold that the original pre-trial motions, particularly the motion for judgment on the pleadings and the motion for a summary judgment, essentially served as the defendant's answer in this case. As we noted in Tuscaloosa City Bd. of Educ. v.American/Owens, Inc., 486 So.2d 405 (Ala. 1986), "[a] motion is considered according to its substance, not its label. . . . Therefore, [a] motion for judgment on the pleadings may be treated as an answer. . . ." See Kuhns v. Coussement,412 So.2d 779 (Ala.Civ.App. 1981), affd, 412 So.2d 783 (Ala. 1982). The motions in this case were not bare-bones, boiler-plate responses to a complaint, but instead constituted an extensive denial of liability on numerous grounds. Moreover, extensive discovery was undertaken that was directed to many of the issues raised by these motions, further indicating that the defenses contained in the motions were to be raised in the upcoming trial. Also relevant in this regard is the fact that some of these defenses were raised by subsequent motions, as well as by the previous petition for a writ of mandamus to this Court. In light of these facts, the authority noted above, and the proviso that the "rules [of civil procedure] shall be construed to secure the just, speedy and inexpensive determination of every action," Rule 1(c), Ala.R.Civ.P., we hold that the manifest effect of these motions was to serve as an answer to the plaintiff's complaint, and that these motions gave sufficient notice to the City that U.S. Gypsum intended to raise at trial the defenses contained therein. Therefore, all defenses raised in the original pre-trial motions were timely filed, and the trial court erred in striking any affirmative defenses set forth in the formal answer that had also been contained in the original pre-trial motions.
The trial court also prematurely struck whatever additional defenses were contained in the formal answer. Because we regard the original pre-trial motions as the defendant's "answer" in this case, the formal answer is in the posture of an amendment to the actual answer. The trial court, therefore, should have evaluated the motion to strike the additional defenses set forth in the formal answer under the liberal rules applicable to amendments to pleadings. Under Rule 15, Ala.R.Civ.P., amendments should generally be allowed, except where the amendment prejudices the non-moving party. Moreover, where the amendment would
 " 'merely change the legal theory of a case or add an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party.' Bracy v. Sippial Electric Co., Inc., 379 So.2d 582, 583 (Ala. 1980). See, also, United States v. Johnson, 288 F.2d 40 (5th Cir. 1961)."
Whitfield v. Murphy, 475 So.2d 480, 483 (Ala. 1985). See generally C. Lyons, Alabama Rules of Civil Procedure Annotated, at 253-55 (2d ed. 1986.) *Page 561 
Accordingly, the trial court erred in striking all affirmative defenses set forth in U.S. Gypsum's answer. Therefore, the petition for writ of mandamus is granted,[3] and the trial court is ordered to allow U.S. Gypsum to assert any and all defenses at trial that were raised in its original pre-trial motions. The trial court is also ordered to reconsider the plaintiff's motion to strike as it relates to any additional defenses set forth in the formal answer. This motion is to be evaluated under the rules for such amendments as noted above and as expressed in any other relevant rules of procedure and cases.
WRIT GRANTED.
TORBERT, C.J., and SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX and ALMON, JJ., concur in the result.
STEAGALL, J., dissents.
[1] "Since a motion for summary judgment is literally not a motion permitted under Rule 12, it might be contended that the above quoted provision of Rule 12(a) is inapplicable. This contention is unsound for the following reasons. A motion under Rule 12(b)(6) to dismiss for 'failure to state a claim upon which relief can be granted' is clearly a motion permitted under Rule 12 and tolls the time to answer in accordance with Rule 12(a),supra. Such a motion [is transformed into a motion] for summary judgment, if matters outside the pleading are presented to and not excluded by the court, and is to be disposed of as provided in rule 56. . . . It should follow that a regular motion for summary judgment under Rule 56, made prior to answer, should have the same effect of tolling the time to answer as a motion made under Rule 12(b)(6) that is transformed into a motion for summary judgment. Furthermore, since Rule 56(b) authorizes a motion for summary judgment by the defendant 'at any time,' and since the theory of the motion is that the defending party is entitled to judgment as a matter of law, there is normally no necessity to serve an answer, whose function is to develop issues, until the motion for summary judgment is disposed of."
6 J. Moore, W. Taggart, J. Wicker, Moore's Federal Practice, § 56.08 at 56-83 n. 9 (2d ed. 1988).
[2] Our belief as to the proper procedure in this regard is not lessened by the fact that we have previously approved the holding of the Court of Civil Appeals that the trial court's setting of a trial date would alone constitute sufficient notice to the Rule 12 movant that a different time for filing his answer had been fixed by the court. Blanton v. Blanton,463 So.2d 158 (Ala.Civ.App. 1984), aff'd, 463 So.2d 162 (Ala. 1985). The better, and, we hope, more typical, practice is that an unequivocal ruling directed specifically to the motion will be made by the trial court.
[3] Our holding necessarily implies that mandamus is a proper remedy in this case. The probability that the trial court's error would require U.S. Gypsum to go through a second trial following reversal on appeal following a trial outweighs any prejudice that the plaintiffs face by way of having to defend against the matters raised in the original pre-trial motions. See Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3,310 So.2d 469 (1975). Accordingly, U.S. Gypsum is not restricted to raising these issues on appeal.