7 So.2d 775

## HAWKINS v. STATE BOARD OF ADJUSTMENT et al.

### 3 Div. 368.

Supreme Court of Alabama.

March 12, 1942.

Rehearing Denied April 9, 1942.

Alfred T. Gaut, of Sylacauga, for petitioner.

Thos. S. Lawson, Atty. Gen., Silas C. Garrett, III, and John W. Vardaman, Asst. Attys. Gen., and Files Crenshaw, Sp. Atty. Gen., opposed.

FOSTER, Justice.

The question here is whether the State Board of Adjustment, created and existing as set out in the Code of 1940, Title 55, c. 10, Article 2, § 333 et seq., has jurisdiction of a claim for the negligence of a servant of the County Board of Education of Talladega County in causing the death of Major Hawkins. Death claims are to be made by the personal representative, and that was done here. Section 339, supra.

The authority of the Board of Adjustment is prescribed in the Code of 1940, Title 55, section 334. It does not include any matter of which courts have jurisdiction. And subject to certain restrictions not here applicable, its authority extends to claims for damages to a person growing out of an injury done to him "by the State of Alabama or any of its agencies, commissions, boards, institutions or departments." Section 344, Code, supra, declares that the purpose of this Article is to provide a method of payment by the State or any of its agencies, commissions, boards, institutions or departments to persons for injuries to person or property or for death occasioned by the State or any of such agencies, where in law, justice or good morals the same should be paid. And section 343, Code, makes an annual appropriation out of the general fund, the Confederate veterans fund (after payment of all Confederate pensions), the fund of the Department of Corrections and Institutions, the fund of the Highway Department, or any other fund of the State, to be determined by the Board of Adjustment, not exceeding $50,-000 for any year. And section 340, Code, authorizes the board to designate the fund thus described out of which payment of a claim shall be made.

The Legislature in this Article of the Code recognizes that there is sometimes a moral obligation which justifies it under the Constitution to appropriate money for certain claims when there is no legal obligation to pay them, but there is a duty to do so in the interest of the general public. State v. Clements, 220 Ala. 515, 126 So. 162; Board of Revenue and Road Com'rs v. Puckett, 227 Ala. 374, 149 So. 850; Moses v. Tigner, 232 Ala. 457, 168 So. 194.

The authority of the Board of Adjustment is to act for the Legislature on facts found by the board within defined limits, when no court has jurisdiction, but when one of the State agencies has so acted as to create a moral obligation which should be discharged as a public duty. The board does not sit as a court and does not legislate. But the Legislature makes the appropriation and imposes the duty on the board to find facts and draw deductions within defined limitations. The legislative act then operates upon that finding. State v. Inman, 239 Ala. 348, 195 So. 448; Dunn Const. Co. v. State Board, 234 Ala. 372, 175 So. 383; Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868; Ballenger Const. Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387; Turner v. Lumbermen Mut. Ins. Co., 235 Ala. 632, 180 So. 300. Compare Opp Cotton Mills v. Administrator of Wage and Hour Div. of Dept. of Labor, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624.

This Court has held that a county board of education could sue and be sued to a limited extent, but not on a claim arising from the negligence of one of its servants or agents because it is an independent agency of the State, not one which is immediate, but nevertheless it is acting in a governmental capacity. Turk v. Board of Education, 222 Ala. 177, 131 So. 436; Ex parte Board of School Com'rs of Mobile County, 230 Ala. 304, 161 So. 108. Those cases, following Shepherd v. Jones, 228 Ala. 307, 153 So. 223, make a separate classification of strictly State boards and commissions, including State colleges and describe them as immediate and strictly governmental agencies, not subject to suit. But that a county board of education, while not an immediate agency of the State, acts in a public and governmental capacity, and therefore is not liable for the torts of its agents and employees, while so engaged, but is ordinarily otherwise subject to suit. Its funds are State funds. State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; Williams v. State, for Use and Benefit of Pickens County, 230 Ala. 395, 161 So. 507.

So that it seems to us to have been probably intended by the Legislature to extend the jurisdiction of the Board of Adjustment under section 334, supra, to all State agencies, whether immediate or more remote, while they are engaged in governmental functions so as to be immune from suit on claims of the sort there enumerated. We do not see any reason why we should say that the Legislature intended to include some but not all of the State agencies which are engaged in a governmental capacity, and are immune from suit to that

extent. The terms of the statute do not make such a distinction, neither does the purpose of the enactment as we understand it and as expressed in section 344, supra.

We have reached the conclusion that the demurrer to the petition for mandamus should not have been sustained and the petition dismissed on account of a want of authority in the Board of Adjustment to entertain the claim set forth in the petition.

The writ of certiorari to the Court of Appeals is therefore awarded, and its judgment reversed and the cause remanded to that court for final action on the appeal to it.

Writ awarded. Reversed and remanded.

THOMAS, BOULDIN, and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BROWN, J., dissent.