This is a declaratory judgment case.
Moody, a former employee of the University of Alabama, filed an action for declaratory judgment against the State Board of Adjustment, seeking an interpretation of § 41-9-68 (a), Code of Ala. 1975. Specifically, Moody sought a ruling as to whether the board is required to comply with the provisions of Alabama's Workmen's Compensation Act, §§ 25-5-1 et seq., Code of Ala. 1975, in determining the amount of compensation to be awarded an injured state employee. The trial court granted the board's motion for summary judgment. Moody appeals and we affirm.
The case was submitted to the trial court on stipulated facts. That stipulation reveals the following:
Moody was an employee of the University of Alabama Board of Trustees. In November of 1974, Moody sustained an injury while acting within the line and scope of her employment. The injury resulted in disability; however, there is no indication of the extent of disability.
In November of 1975, Moody filed a claim with the Board of Adjustment seeking unreimbursed medical expenses and workmen's compensation benefits. Moody also filed claims with the Social Security Administration and the University's insurer for salary continuance insurance benefits. Moody was awarded disability benefits by the Social Security Administration and recovered $8,500 from the University's insurer through legal action. *Page 716 
The Board of Adjustment heard Moody's claim in November 1977, but postponed further action pending the resolution of Moody's claims against the University's insurer. In November 1978, the board reheard the matter and awarded Moody $939.47 as unreimbursed medical expenses. The board denied further compensation on the ground that the $8,500 recovered from the University's insurer did in fact compensate her for any disability resulting from her accident.
In 1979, Moody requested that the board reconsider its decision. The board did so and reaffirmed its award of $939.47.
Moody then filed the instant action for a declaratory judgment seeking an interpretation of § 41-9-68 (a), Code of Ala. 1975. As indicated, the trial court entered summary judgment in favor of the board.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment.
Under rule 56, ARCP, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. As stated above, the case was submitted on stipulated facts and they are without dispute. The question, therefore, is whether the board was entitled to a judgment as a matter of law. Hudson-Thompson,Inc. v. Leslie C. King Co., Ala., 361 So.2d 541 (1978).
Moody, through able counsel, contends that § 41-9-68 (a) requires the board to award her an amount of compensation equal the amount she would be entitled to if the Workmen's Compensation Act applied to her. In other words, Moody, in effect, argues that the board must apply the compensation schedules set out in the Workmen's Compensation Act; that the board cannot award an amount less than that provided by the compensation schedules; and that the board cannot set off the $8,500 she recovered from the University's insurer against her award.
We do not agree.
Section 41-9-68 (a) directs the board to determine the amount of the injury and to fix damages "using as its guide, when applicable, the ordinary rules of . . . workmen's compensation laid down by the courts and the moral obligation of the state. . . ." The words of a statute are to be given their plain and usual meaning. Darks Dairy, Inc. v. Alabama Dairy Commission, Ala., 367 So.2d 1378 (1979); 18 Ala. Digest, Statutes Key 188. Section 41-9-68 (a) directs the board to use the rules of workmen's compensation, as well as the moral obligation of the state, as a guide in awarding benefits. A guide is no more than a thing that leads or directs a person in his way or course through unfamiliar or difficult areas. Webster's Third New International Dictionary (1971).
Giving the language of § 41-9-68 (a) its plain and usual meaning, we find nothing in that Code section that requires the board to set the amount of its awards of compensation in strict accordance with the compensation schedules of the Workmen's Compensation Act. Put another way, we find that the amount of compensation to be awarded, if any, is a matter within the discretion of the board. Section 41-9-68 (a) merely directs that the board, in exercising that discretion, consider the facts of each case in light of the rules of workmen's compensation and the moral obligation of the state.
We find that on the basis of § 41-9-68 (a), the trial court did not err in concluding that the board was entitled to a judgment as a matter of law.
In addition to the above, we find that the board was also entitled to a judgment as a matter of law on the ground that Moody's action is barred by § 14, Constitution of Alabama 1901. Under § 14, in this instance, a suit against the state of Alabama or one of its agencies is barred when a result favorable to the plaintiff would directly affect a contract or property right of the state. Druid City Hospital Board v.Epperson, Ala., 378 So.2d 696 (1979); Milton v. Espey, Ala.,356 So.2d 1201 (1978); Southall v. Stricos Corp., 275 Ala. 156,153 So.2d 234 (1963). *Page 717 
In the instant case, Moody is, in effect, seeking a ruling which would require the state to pay her a sum greater than the $939.47 awarded by the board. Clearly, a ruling in her favor could ultimately "touch" the state treasury by requiring the disbursement of state funds. For this reason, we find that § 14 bars this action. See, Milton v. Espey, supra; Southall v.Stricos Corp., supra.
We would note that while an action for declaratory judgment against the state or its agencies which seeks the interpretation of a statute is generally not prohibited, DruidCity Hospital Board v. Epperson, supra, such an action is prohibited when, as here, a result favorable to the plaintiff would directly affect a contract or property right of the state. Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
Again, we find no error by the trial court in concluding in the instant appeal that § 14 barred the action and that the board was entitled to a judgment as a matter of law.
The above being dispositive, we find it unnecessary to discuss the other issues raised by the parties. However, we do note that the case appears to be an attempt to perfect an indirect appeal of the Board of Adjustment's decision. As a general rule, an action for a declaratory judgment cannot be used as a substitute for an appeal. Tillman v. Sibbles,292 Ala. 355, 294 So.2d 436 (1974), appeal after remand,341 So.2d 686 (1977); Sparks v. Brock Blevins, Inc., 274 Ala. 147,145 So.2d 844 (1962).
For the reasons stated above, we find that the trial court did not err in granting the board's motion for summary judgment.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.