L. CHARLES WRIGHT, Retired Appellate Judge.
Vonnie Bateman sustained a fatal injury while crossing the road in front of her home to board a school bus owned and operated by the Houston County Board of Education. Lee and Melissa Bateman, the child’s parents, made a claim against the State of Alabama through the Alabama Board of Adjustment for expenses and for an additional award for the loss of their child. The Board of Adjustment construed § 41-9-62(a)(10), Code 1975, which provides that:
“(a) The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
“(10) All claims for injury or death of any student duly enrolled in any of the public schools of this state resulting from an accident sustained while being transported to or from school or in connection with any school activity in any bus or any motor vehicle operated directly by any school board or agency of the state or through contract with another.”
The Board denied the Batemans’ claim and found that the child was not “being transported to or from school” at the time of the accident. Thereafter, the Batemans filed a *512 complaint for declaratory judgment in the Circuit Court of Montgomery County requesting a declaration of rights with regard to the construction of § 41 — 9—62(a)(10). The Board of Adjustment, the Alabama Department of Education, and the Houston County Board of Education (hereinafter referred to collectively as the “State”) each filed a motion to dismiss, alleging that the Batemans’ complaint failed to state a claim upon which relief could be granted and that the circuit court lacked personal and subject matter jurisdiction. The circuit court summarily dismissed the complaint. The Batemans appeal.
The primary issue on appeal is whether the trial court erred in dismissing the complaint.
The Batemans contend that the dismissal was in error and that they were entitled to a declaration of rights because their complaint alleged a justiciable controversy in that they were adversely affected by the Board of Adjustment’s erroneous interpretation of the statute in issue.
The State contends that the action was properly dismissed because section 14, Constitution of Alabama, prohibits a declaratory judgment action against the State when a favorable result to the moving party would directly affect a contract or property right of the State. The State further suggests that a declaratory judgment action cannot be used, as it alleges it is used in this instance, as a substitute for appeal.
Sections 6-6-220 through -232 govern declaratory judgment proceedings. In such proceedings, motions to dismiss are rarely appropriate. Wallace v. Burleson, 361 So.2d 554 (Ala.1978). The test is if the complaint states a bona fide justiciable controversy which should be settled then the moving party is entitled to a declaration of rights, even if that declaration is not favorable to the moving party’s position. Federated Guaranty Life Ins. Co. v. Bragg, 393 So.2d 1386 (Ala.1981). The supreme court has stated that “controversies touching the legality of acts of public officials or public agencies, challenged by parties whose interests are adversely affected is one of the favored fields for declaratory judgment.” Tillman v. Sibbles, 292 Ala. 355, 294 So.2d 436, 438 (1974) (citation omitted). We find that the Batemans’ interest was adversely affected by the State’s interpretation of the statute and that a justiciable controversy exists between the parties as to the meaning and application of § 41-9-62(a)(10). It is our opinion that the complaint states a case for declaratory judgment and the order dismissing the complaint was in error.
The State relies heavily upon Moody v. University of Alabama, 405 So.2d 714 (Ala.Civ.App.1981), to support its position. We find Moody to be distinguishable. In Moody the appellant not only sought an interpretation of a statute but also requested a monetary increase above that which the Board of Adjustment had awarded her. Here the action filed by the Batemans was in no way remedial. The only relief the Batemans asked was an interpretation of § 41-9-62(a)(10). In Curry v. Woodstock Slag Corp., 242 Ala. 379, 381, 6 So.2d 479 (1942), the supreme court found that a declaratory action against the State was proper if it is sought to construe the law and direct the parties, whether individuals or State officers, as to what is required of them under a given state of facts.
We find that a justiciable controversy sufficient to support a declaratory judgment proceeding was presented by the Batemans’ complaint. The judgment granting the motion to dismiss was improper. That judgment is reversed. The case is remanded for proceedings on the merits of the complaint even though there appears to be presented only a question of law.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.