ALMON, Justice.
This Court issued the writ of certiorari to review the Court of Civil Appeals’ reversal of an order dismissing a complaint for a declaratory judgment. The question presented is whether a circuit court has subject matter jurisdiction to review cases where the Alabama Board of Adjustment (“Board”) has made a determination regarding the State’s liability pursuant to Ala.Code 1975, § 41-9-60 et seq.
Vonnie Bateman was fatally injured when she was struck by a motorcycle while attempting to cross a road to board a school bus operated by the Houston County Board of Education. The motorcycle that struck Vonnie was driven by a student who attended Vonnie’s school. There is no dispute that the accident occurred while the school bus was properly stopped, with its *514 warning lights and sign in operation. It is also not disputed that Vonnie was struck before she was able to board the school bus.
After reaching an out-of-court settlement with the motorcyclist’s insurer, Vonnie’s parents filed a claim with the Board, seeking compensation for their daughter’s medical expenses and for other expenses that arose due to their daughter’s injuries and death. Their claim was filed pursuant to § 41-9-62(a)(10), reproduced below:
“(a) The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
“(10) All claims for injury or death of any student duly enrolled in any of the public schools of this state resulting from an accident sustained while being transported to or from school or in connection with any school activity in any bus or any motor vehicle operated directly by any school board or agency of the state or through contract with another.” (Emphasis added.)
The Board denied the Batemans’ claim, holding that no state liability existed, because Vonnie was not aboard, or being transported by, a school bus at the time of her injury.
After the Board had denied their claim, the Batemans filed a declaratory action in the Circuit Court of Montgomery County. The Batemans alleged that the Board’s interpretation of § 41-9-62(a)(10) was too narrow and they asked the court for a judgment declaring that that statute applied “equally to a school child who is in the process of boarding a school bus as it does to one who has already boarded such bus and is physically inside the bus.” The Houston County Board of Education and the state agencies involved filed a motion for dismissal, alleging, inter alia, that the circuit court did not have subject matter jurisdiction. That motion was granted, and the Batemans appealed to the Court of Civil Appeals. That court reversed the trial court’s dismissal, holding that the Bate-mans’ complaint presented a justiciable controversy sufficient to support a declaratory judgment proceeding. 562 So.2d 511.
The legislature created the Board to hear claims against the State that would otherwise be precluded by governmental immunity, in recognition of the fact that the State would be morally, if not legally, obligated to pay damages in some circumstances. Hawkins v. Board of Adjustment, 242 Ala. 547, 548, 7 So.2d 775, 776-77 (1942). The statutes that created the Board, and that enumerate its powers, are to be strictly construed, since they do not create a right, but grant a privilege, to have certain types of claims heard. Therefore, the actions of the Board are restricted by the exact terms employed in those statutes. State ex rel. McQueen v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943). In addition, decisions concerning the State’s liability that are properly before the Board are binding. Higgins v. Nationwide Mutual Ins. Co., 291 Ala. 462, 466, 282 So.2d 301, 304-05 (1973). In Higgins, this Court stated:
“[A] student claiming damages for personal injuries incurred on a school bus on account of the driver’s negligence would be bound by the board’s decision both as to liability and the amount of the award.”
Higgins, 291 Ala. at 466, 282 So.2d at 304-05.
When the legislature drafted the statutes creating the Board, it made no provisions for appealing that body’s decisions. Although that omission may appear harsh, it is proper in light of the fact that the Board hears only claims over which no court has jurisdiction, Hawkins, 242 Ala. at 548, 7 So.2d at 776-77, and because the legislature’s intent was not to create new rights of action against the State, but rather to grant a privilege to have certain claims heard. Id.
It is settled that an action for declaratory judgment cannot be used as a substitute for appeal. Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844 (1962). In its opinion reversing the trial court’s dismissal of the Batemans’ complaint, the Court of Civil Appeals held that the relief sought by the Batemans “was in no way remedial,” thus implicitly holding that the complaint was not a substitute for an ap *515 peal of the Board’s decision. However, a reading of the complaint contradicts that holding. In their complaint, the Batemans alleged that the Board’s interpretation of § 41-9-62(a)(10) was too narrow and that a proper interpretation of that statute would have led the Board to grant their claim. They then asked the court to interpret the statute in a way that would render it applicable to their claim.
This Court cannot view that complaint as anything other than an attempt to appeal the Board’s decision. A favorable ruling on that complaint could create a financial liability for the State, thus “touching” on the State treasury in violation of § 14. Milton v. Espey, 356 So.2d 1201 (Ala.1978). When a court becomes convinced that an action before it would violate § 14, the court has no choice but to dismiss the action. Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
For the reasons set out above, the circuit court was without jurisdiction to hear the Batemans’ complaint, and its dismissal of that complaint was proper. Therefore, the judgment of the Court of Civil Appeals is reversed, and this cause is remanded.
REVERSED AND REMANDED.
All of the Justices concur.