RUSSELL, Judge.
This is an appeal from a circuit court judgment ruling that the State Board of Adjustment (Board) acted in excess of its jurisdiction in granting an award to Emmett O. Dale (Dale) and ordering the Board to vacate and set aside its award. The Board and Dale appeal. We affirm.
The dispositive issue is whether the Board had jurisdiction over Dale’s claim.
The pertinent facts are that Douglas Edward Griffin was treated and released from Bryce Hospital, a residential mental illness treatment facility maintained by the Alabama Department of Mental Health and Mental Retardation (Department). Some three and one-half months after his release, *477 Griffin murdered Patrick Frank Dale. In a civil suit instituted by Emmett 0. Dale, the father of Patrick, three Department employees were accused of negligence in the release of Griffin, and a jury awarded substantial damages. While an appeal to the Alabama Supreme Court was pending, a settlement agreement was negotiated between Dale and the Department for $100,-000, which was to be automatically void if the supreme court reversed the judgment. The supreme court reversed, thereby voiding the agreement, and held that the employees were performing a discretionary function and, therefore, were entitled to substantive immunity. Barnes v. Dale, 530 So.2d 770 (Ala.1988). Dale then filed a claim with the Board against the Department for the wrongful death of his son, and the Board awarded $100,000 to Dale. Subsequently, the Department filed a writ of common law certiorari with the circuit court against the Board, in which Dale joined, and the court held that “[bjecause the claims in this case were justiciable in the courts of this state, and because the settlement agreement could not form the basis of the award made by the Board, ... the Board acted in excess of its jurisdiction....”
We first look to the pertinent law establishing the Board of Adjustment and its jurisdiction. In view of the constitutional provision that “the State of Alabama shall never be made a defendant in any court of law or equity,” Ala. Const, art. I, § 14, the legislature by statute created the Board of Adjustment to “provide a method of payment by the state of Alabama or any of its agencies, commissions, boards, institutions or departments to persons for injuries to person or property or for death occasioned by the state of Alabama or any of its agencies, commissions, boards, institutions or departments where in law, justice or good morals the same should be paid.” Ala.Code 1975, § 41-9-60 (1982 Repl.Vol.).
The statute further provides for claims within the jurisdiction of the Board. Section 41-9-62 provides in pertinent part:
“(a) The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
“(1) All claims for damages to the person or property growing out of any injury done to either the person or property by the state of Alabama or any of its agencies, commissions, boards, institutions or departments;
[[Image here]]
“(5) All claims against the state of Alabama or any of its agencies, commissions, boards, institutions or departments arising out of any contract, express or implied, to which the state of Alabama or any of its agencies, commissions, boards, institutions or departments are parties, where there is claimed a legal or moral obligation resting on the state;
[[Image here]]
“(b) The jurisdiction of the board of adjustment is specifically limited to the consideration of the claims enumerated in subsection (a) of this section and no others ... and nothing contained in this division shall be construed to confer jurisdiction upon the board of adjustment to settle or adjust any matter or claim of which the courts of this state have or had jurisdiction_”
(Emphasis supplied.)
The statutes creating the Board and defining its powers are to be strictly construed, as they do not create a right, but grant a privilege. State ex rel. McQueen v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943).
Since the subject matter in the instant case is the same as that considered by the court in Barnes, 530 So.2d 770, we look to Barnes for the rationale behind the supreme court’s opinion. That ease contains numerous citations, bringing into focus an evolution of the law bearing on the instant case.
In Barnes, 530 So.2d at 784, the supreme court held that “Dale’s claim for wrongful death based upon the alleged negligent and wanton conduct of the defendants is not within the scope of § 14’s constitutional protection.” The court there found substantive immunity in the form of discretionary function, an immunity other than § 14 immunity, and further found that “the law *478 suit against the defendants is not, in effect, a lawsuit against the State.” Id. at 784. Since the instant claim before the Board has the same basis and subject matter as in Barnes, although fashioned as a claim against the state, we find it too is not within the scope of § 14 constitutional protection and, therefore, is outside the jurisdiction of the Board.
We find that the learned and distinguished trial judge entered a comprehensive and succinct order, part of which follows:
“The courts of this state are without jurisdiction to entertain a suit against the state because of Ala. Const, art. I, § 14. Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677 (1971). However, the Alabama Supreme Court in DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1982), and its progeny [has] not characterized discretionary function immunity as a jurisdictional bar; rather, it is an affirmative defense to be pled and proved. Bell v. Chisom, 421 So.2d 1239, 1240 (Ala.1982). In placing the burden on a defendant to plead this defense, the Court has suggested that the defense may be waived; this is contrary to a claim of sovereign immunity which cannot be waived. Druid City Hospital Board v. Epperson, 378 So.2d 696 (Ala.1979).
“Although the equities of this case may suggest that discretionary function immunity should be considered a jurisdictional bar inasmuch as the defense is bottomed on the government interest at stake, i.e., the necessity to preserve the decision making function of government, our appellate courts hold that suits of this nature are not suits against the state.
“In view of the foregoing, the Court is compelled to hold that discretionary function immunity (substantive immunity) is not a jurisdictional bar to a suit against a state employee or official in his or her individual capacity. The Court further holds that the claim before the Board was not, in effect, a suit against the state. Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988).
[[Image here]]
“Because the claims in this case were justiciable in the courts of this state, and because the settlement agreement could not form the basis of the award made by the Board, the Court holds that the Board acted in excess of its jurisdiction; and the State Board of Adjustment is ORDERED to vacate and set aside its award made to Emmett 0. Dale in his capacity as Administrator of the Estate of Patrick Frank Dale, Deceased.”
(Emphasis in original.)
Additionally, since in Barnes the court found no jurisdictional bar to the court’s hearing the claim, a strict construction of the statute requires that we find that, since the courts had jurisdiction of Dale’s claim, the Board was thereby deprived of jurisdiction under Ala.Code 1975, § 41 — 9—62(b) (1982 Repl.Vol.).
Appellant Dale also contends that the trial court should not have considered the merits of the contract claim. However, there is evidence that the basis of the Board’s award was the wrongful death of Patrick and no evidence that the contract claim was the basis of the Board’s award; therefore, we find no merit to this contention.
After a careful and thorough review of Barnes and all the cases cited therein, the record, and the briefs of the parties, we conclude that the order of the trial judge is a correct resolution of this case. We adopt the quoted part of his order as our own, insofar as it addresses the issues on appeal and is supplemental to our own findings.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.