PER CURIAM.
We issued the writ of certiorari to review the Court of Civil Appeals’ construction of the statute governing the jurisdiction of the State Board of Adjustment, Ala.Code 1975, § 41-9-62.
Emmett 0. Dale, as administrator of the estate of Patrick Frank Dale, filed a wrongful death suit against the State Department of Mental Health and Mental Retardation (“Mental Health”) and three individual employees of Mental Health, alleging negligent and wanton treatment and release of Douglas Edward Griffin from Bryce Hospital, a mental health facility owned and operated by the State of Alabama. The trial court dismissed Mental Health on the ground of state immunity, pursuant to Article 1, § 14, Constitution of Alabama 1901. A jury returned verdicts against the three individual employees, but this Court reversed the judgment on those verdicts, finding that those defendants were “entitled to substantive immunity as a matter of law, because they were engaged in the exercise of a discretionary function at the time of Griffin’s admission *480 and discharge.” Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988). After the decision in Barnes, Dale filed a claim with the State Board of Adjustment against Mental Health based on the wrongful death of his son and on a claimed breach of a settlement agreement entered into between Dale and Mental Health on behalf of the three individual employees. The Board of Adjustment awarded Dale $100,000.
Mental Health petitioned the Montgomery Circuit Court for a writ of common law certiorari, alleging that the Board of Adjustment was without jurisdiction to entertain the claim. The trial court granted the petition, holding that the Board of Adjustment had exceeded its jurisdiction and ordering the Board of Adjustment to vacate its order. The Court of Civil Appeals, in a split decision, 581 So.2d 476, affirmed the trial court’s judgment, holding that the claim before the Board of Adjustment, although fashioned as a claim against the State, was not within the jurisdiction of the Board of Adjustment, because the claim before the Board of Adjustment involved the same subject matter as that dealt with in Barnes, supra. The Court of Civil Appeals, finding that the wrongful death claim was the basis of the Board of Adjustment’s award, also held that there was no merit to the contention that the trial court erred in considering the breach of contract claim.
We disagree with that portion of the Court of Civil Appeals’ opinion that holds that the Board of Adjustment acted beyond its jurisdiction. Ala.Code 1975, § 41-9-62, states, in pertinent part:
“(a) The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
“(1) All claims for damages to the person or property growing out of any injury done to either the person or property by the state of Alabama or any of its agencies, commissions, boards, institutions or departments .... ”
In Hawkins v. Board of Adjustment, 242 Ala. 547, 548, 7 So.2d 775, 776 (1942), this Court stated:
“The authority of the Board of Adjustment is to act for the Legislature on facts found by the board within defined limits, when no court has jurisdiction, but when one of the State agencies has so acted as to create a moral obligation which should be discharged as a public duty. The board does not sit as a court and does not legislate. But the Legislature makes the appropriation and imposes the duty on the board to find facts and draw deductions within defined limitations. The legislative act then operates upon that finding.”
(Citations omitted, emphasis added.)
This Court followed Hawkins recently in Ex parte Houston County Bd. of Educ., 562 So.2d 513 (Ala.1990), stating:
“The legislature created the Board to hear claims against the State that would otherwise be precluded by governmental immunity, in recognition of the fact that the State would be morally, if not legally, obligated to pay damages in some circumstances. The statutes that created the Board, and that enumerate its powers, are to be strictly construed, since they do not create a right, but grant a privilege, to have certain types of claims heard. Therefore, the actions of the Board are restricted by the exact terms employed in those statutes.”
562 So.2d at 514 (citations omitted).
We cannot say that the Board of Adjustment exceeded its jurisdiction merely because the claim before it involved the same subject matter as the claim against the three individual employees. Dale’s original claim against Mental Health was dismissed on the ground of state immunity; therefore, the Board of Adjustment, in exercising jurisdiction over Dale’s claim against the State, acted within the confines set by the legislature when it adopted the statute.
We, therefore, reverse that part of the judgment holding that the Board of Adjustment acted in excess of its jurisdiction, and we remand this cause for action consistent with this opinion.
REVERSED AND REMANDED.
*481 HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.