ROBERTSON, Presiding Judge.
This is a workmen’s compensation case.
Plaintiff, Maida Harris, filed a complaint against her employer, Avondale Mills, Inc., alleging an injury to her hand arising out of and in the course of her employment with the employer. She alleged that the accident occurred on or about March 7, 1987, and further that she gave defendant proper notice of said accident. Later, Harris amended her complaint, alleging that her accident occurred in or about February of 1987. She also averred, in the alternative, that she suffered an occupational disease.
Following a presentation of ore tenus evidence, the trial court found that Maida Harris did not meet her burden of proof in that she did not establish that she had a compensable accident according to the definition of that term in § 25-5-1(8), Code 1975. Specifically, the court noted that accident does not include an injury that is the result of a gradual disintegration or deterioration. Further, the court found that Harris never gave her employer notice of the injury. We also note that the court made no finding concerning Harris’s allegation of occupational disease, nor does Harris assert any error on appeal concerning occupational disease.
Harris appeals, asserting that the trial court erred in its determination that she failed to prove she suffered an “accident” as defined by the workmen’s compensation laws. She also asserts that she gave her employer proper notice.
Section 25-5-1(8), Code 1975 provides:
“Accident. Such term ... shall ... be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
This court has further expanded upon the concept of accident and noted that it “ ‘contemplates a reasonably definite period of time during which the accident manifests itself, rather than a gradual disintegration or deterioration.’ ” Buchanan Lumber Co. v. Edwards, 531 So.2d 1, 2 (Ala.Civ.App.1988) (quoting City of Florence v. Gallien, 484 So.2d 1095, 1097 (Ala.Civ.App.1986)).
Further, in workmen’s compensation cases this court “will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines wheth *285 er any reasonable view of the evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, 575 So.2d 91, 93 (Ala.1991).
In her deposition, Harris stated that the place on her hand arose after a period of time. Further, she stated that she did not have a specific accident, but rather that her hand continually got worse. At trial, Harris’s testimony contradicted that of her deposition testimony. Further, her physician testified that Harris did not tell him of a specific injury to her hand. Instead, he testified that Harris told him the hand simply got worse and worse over a period of time.
In view of the aforementioned evidence, the applicable statutory provision, and our standard of review, we cannot find that the trial court erred in finding that Harris did not suffer a compensable accident as defined in § 25-5-1(8). Consequently, resolution of Harris’s contention concerning notice is pretermitted.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.