THOMAS, Judge.
In June 2011, Salim Djibrine (“the husband”) sued Veronica C. Djibrine (“the wife”) in the Jefferson Circuit Court, seeking a divorce and an equitable division of the parties’ personal property and debts. The wife answered and counterclaimed, also seeking a divorce and a division of the parties’ personal property. Before the husband instituted the divorce action, the wife had sought and obtained a protection-from-abuse (“PFA”) order in the Jefferson Juvenile Court; the PFA action was transferred to the Jefferson Circuit Court (“the trial court”) and consolidated with the divorce action. The trial court set the divorce action for a trial to be held on July 29, 2013. The wife failed to appear at the trial, and the trial court entered a judgment on August 1, 2013, divorcing the *27 parties based solely on the husband’s testimony.
On September 11, 2013, the wife, acting pro se, filed what she styled as a “motion to set aside final judgment”; she amended her motion the following day. In her amended motion, the wife alleged, among other things, that she had not received notice of the trial setting and that, as a result, the divorce judgment had been entered in violation of her right to due process. The trial court set the wife’s motion for a hearing to be held on November 7, 2013. There is no record of the November 7, 2013, hearing, but the trial court entered an order on March 18, 2014, denying the wife’s motion. In its order, the trial court stated that the wife’s motion'was denied because, the trial court concluded, the wife’s motion was an untimely Rule 59, Ala. R. Civ. P., motion and the trial court therefore lacked jurisdiction to consider that motion. The wife timely appealed, arguing that the trial court erred by failing to treat her motion as a Rule 60(b), Ala. R. Civ. P., motion.
The wife is correct that her motion, insofar as it sought relief from the entry of the default divorce judgment and was filed more than 30 days after the entry of that judgment, should have been construed as a Rule 60(b) motion. Ex parte King, 776 So.2d 31, 35 (Ala.2000) (stating that a motion filed more than 30 days after the entry of a default judgment seeking relief from that default judgment “could be, and should have been, construed as a Rule 60(b) motion for relief from judgment”). The trial court erred in concluding that it lacked jurisdiction to consider the wife’s motion on the ground that the motion was an untimely filed Rule 59 motion. Accordingly, the trial court’s order denying the wife’s Rule 60(b) motion is reversed, and the cause is remanded to the trial court for consideration of the merits of the wife’s motion. See J.L.E. v. T.L.S., 880 So.2d 1159, 1163 (Ala.Civ.App.2003) (reversing the order of a trial court denying a Rule 60(b) motion on the mistaken ground that it lacked jurisdiction to entertain such motion and remanding the cause with instructions that the trial court consider the merits of that motion).
The husband’s request for damages for the filing of a frivolous appeal pursuant to Rule 38, Ala. RApp. P., is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.