Rel: June 13, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2024-0878

————————————————

### Burton R. LeFlore

### v.

### Mikael Thrash

### Appeal from Mobile Circuit Court
### (CV-22-900119)

PER CURIAM.

Burton R. LeFlore appeals from a judgment entered by the Mobile Circuit Court ("the trial court") in favor of Mikael Thrash on Thrash's claim of ejectment against LeFlore. We dismiss the appeal.

Procedural History

On January 22, 2022, Thrash filed a complaint in the trial court seeking to recover possession of a parcel of property located in Mobile County ("the property"). He asserted, among other things, that he had legal title to the property pursuant to a June 23, 2017, tax sale, that LeFlore had not redeemed the property, and, thus, that LeFlore was unlawfully withholding and detaining the property. Thrash asserted claims against LeFlore for "damages for mesne profits, waste, and other injury to the [property] as well as the value of the use and occupation thereof" by LeFlore.

On February 22, 2022, LeFlore filed both an answer to the complaint and a motion to dismiss the complaint. He asserted in both filings, among other things, that the parties had previously appeared before the trial court in case number CV-18-38 ("the redemption action"), in which the trial court had determined that LeFlore had a right to redeem the property, that LeFlore had appealed that portion of the judgment in the redemption action denying his claims against Thrash for damages, and that that appeal was pending before this court in appeal number 2210105 at the time Thrash filed his complaint in the present

action.[1] LeFlore also asserted that the tax sale and Thrash's tax deed to the property were void and that he maintained his right to redeem the property. LeFlore requested that Thrash's complaint be dismissed. On April 6, 2022, LeFlore filed a motion requesting the transfer of the case to Judge Michael P. Windom, who had entered the final judgment in the redemption action. Also on April 6, 2022, Thrash filed a response in opposition to LeFlore's motion to dismiss the complaint. On April 13, 2022, the trial court entered an order granting LeFlore's motion to transfer the case to Judge Windom.

On August 27, 2024, the trial court entered an order dismissing the case, with prejudice. On September 30, 2024, Thrash filed a motion to set aside the dismissal of his complaint and to reinstate the complaint. On October 4, 2024, the trial court entered an order granting Thrash's motion. On October 6, 2024, Thrash filed a motion for equitable relief to remove LeFlore and all personal property from the property. On October 7, 2024, the trial court entered a judgment granting Thrash's motion for

---

[1]We note that, on July 29, 2022, this court issued in appeal number 2210105 a no-opinion order affirming the trial court's judgment in the redemption action. See LeFlore v. Thrash, 383 So. 3d 372 (Ala. Civ. App. 2022) (table). This court's certificate of judgment was issued in that appeal on December 2, 2022.

equitable relief "[a]fter thorough consideration of the motion and the applicable law."[2]  The trial court's judgment provides, in pertinent part:

> "5. This court finds that [LeFlore] has no legal right to occupy the property, as the statutory redemption period has expired under Alabama law, specifically Ala. Code [1975,] § 40-10-82.  [Thrash] is the rightful owner of the property and is entitled to immediate possession under Alabama law. (Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659, 661 (Ala. 1978), Spraggins v. Butler, 590 So. 2d 284 (Ala. 1991)).

> "6. Irreparable Harm: The court further finds that the continued unlawful occupation of the property by [LeFlore] is causing irreparable harm to [Thrash], and monetary damages alone are inadequate to remedy this harm.  Therefore, injunctive and equitable relief is appropriate.  (Ex parte Lauderdale County Bd. of Educ., 562 So. 2d 514, 517 (Ala. 1990)).

> "7. Further Relief: [Thrash] is hereby authorized to seek any additional or further relief from this court as necessary to enforce his legal right to possession of the property.

> "The court retains jurisdiction to enforce this order and to issue any additional relief as may be necessary."[3]

_____

[2]There is no indication in the record on appeal that a hearing was conducted as to the issues raised in Thrash's complaint or in his motion for equitable relief, both of which were unverified filings.

[3]We note that the trial court's judgment appears to adopt a proposed order filed by Thrash.  This court has conducted independent searches for each of the citations to authority in both the proposed order and the trial court's judgment, without success.  For instance, the citation to "Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659 (Ala. 1978)," which the trial court cited for the proposition that Thrash is the rightful owner of the property and is entitled to immediate possession thereof,

4

On October 21, 2024, LeFlore filed a motion to vacate and to set aside the trial court's October 7, 2024, judgment. On October 22, 2024, the trial court entered an order denying LeFlore's motion. On October 25, 2024, LeFlore filed a notice of appeal to this court.

<u>Discussion</u>

On appeal, LeFlore challenges the trial court's judgment in favor of Thrash. Before this court may address the issues raised by LeFlore on appeal, we must determine whether we have jurisdiction to consider this appeal. Although neither party has questioned this court's jurisdiction,

---

does not involve possession or property, but addresses the propriety of the dismissal of an action with prejudice, which was no longer at issue at the time of the entry of the October 7, 2024, judgment because the dismissal of Thrash's complaint had already been set aside. The other case cited in the proposed order and in the trial court's judgment for the proposition that Thrash is the rightful owner of the property and is entitled to immediate possession -- "<u>Spraggins v. Butler</u>, 590 So. 2d 284 (Ala. 1991)" -- could not be located by this court. That citation leads to <u>Harris v. Avondale Mills, Inc.</u>, 590 So. 2d 284 (Ala. Civ. App. 1991), an appeal in a workers' compensation case that has no bearing on the circumstances or law involved in the present case. Additionally, this court has been unable to locate a case in which both "Spraggins" and "Butler" are parties to an appeal. Similarly, the citation in the proposed order and in the trial court's judgment for "<u>Ex parte Lauderdale County Bd. of Educ.</u>" leads instead to <u>Ex parte Houston County Board of Education</u>, 562 So. 2d 513 (Ala. 1990), in which our supreme court reviewed this court's reversal of an order dismissing a complaint for a declaratory judgment and does not pertain to the proposition for which it is cited. This court has also been unable to locate a case entitled "<u>Ex parte Lauderdale County Bd. of Educ.</u>" in Alabama.

"a lack of appellate jurisdiction or trial-court jurisdiction cannot be waived and can be raised by an appellate court ex mero motu." Espinosa v. Espinosa Hernandez, 282 So. 3d 1, 11 (Ala. Civ. App. 2019).

First, we consider whether Thrash's September 30, 2024, motion to set aside the dismissal of his complaint was timely filed. Thrash asserted in the body of the motion that it was filed pursuant to Rule 59, Ala. R. Civ. P. Because the motion was filed on September 30, 2024, which was 34 days after the entry of the August 27, 2024, order dismissing the case, that motion was filed too late to qualify as a Rule 59 motion. See Rule 59(e), Ala. R. Civ. P. (providing that motions seeking to alter, amend, or vacate a judgment must be filed within 30 days of the entry of the judgment). We note, however, that, in his motion, Thrash alleged, among other things, that the trial court had dismissed his complaint without providing notice or an opportunity to be heard, thereby violating his constitutional right to due process. We conclude that, based on those allegations, the motion could have been construed as a Rule 60(b)(4), Ala. R. Civ. P., motion seeking to declare the judgment void because the trial court allegedly acted in a manner inconsistent with due process. See Banks v. Estate of Woodall, 129 So. 3d 294, 296 (Ala. Civ. App. 2013)

6

(concluding that the allegations in a postjudgment motion supported the conclusion that the motion could be construed as a Rule 60(b)(4) motion); Smith v. Clark, 468 So. 2d 138, 141 (Ala. 1985)) (construing an argument about a lack of notice as a due-process argument); and Djibrine v. Djibrine, 160 So. 3d 26, 27 (Ala. Civ. App. 2014) (concluding that a postjudgment motion that was filed more than 30 days after the entry of the judgment and that asserted that the judgment had been entered in violation of the right to due process should have been construed as a Rule 60(b), Ala. R. Civ. P., motion for relief from judgment).  Accordingly, we construe Thrash's postjudgment motion as one filed pursuant to Rule 60(b) for the purpose of determining whether the trial court retained jurisdiction to enter its judgment and whether LeFlore's appeal from that judgment is timely.  See Penrose v. Garcia, 386 So. 3d 458, 462 (Ala. 2023).  Because a Rule 60(b)(4) motion, unlike a motion filed pursuant to Rule 59, may be brought at any time, the timing of Thrash's motion is of no consequence.  Banks, 129 So. 3d at 296-97.

Because it appears that the trial court properly adjudicated Thrash's motion to set aside its judgment of dismissal, we proceed to

7

consider whether the trial court's judgment is sufficiently final to support LeFlore's appeal. This court has stated that

> "'[a]n appeal will not lie from a nonfinal judgment. Robinson v. Computer Servicenters, Inc., 360 So. 2d 299, 302 (Ala. 1978). "A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims. See Rule 54(b), Ala. R. Civ. P." Wilson v. Wilson, 736 So. 2d 633, 634 (Ala. Civ. App. 1999). The absence of a final judgment is a jurisdictional defect that cannot be waived by the parties.'"

McCullough v. Allstate Prop. & Cas. Ins. Co., 219 So. 3d 658, 659 (Ala. Civ. App. 2016) (quoting Baugus v. City of Florence, 968 So. 2d 529, 531 (Ala. 2007)).

In Davis v. American Pride Properties, LLC, [Ms. SC-2023-0419, Aug. 30, 2024] ___ So. 3d ___ (Ala. 2024), American Pride Properties, LLC ("APP"), asserted a claim for ejectment against James R. Davis and William M. Pickard and demanded damages for the loss of use of real property that APP had obtained after purchasing that property at a tax sale. Following a bench trial, the Jefferson Circuit Court entered a judgment finding in favor of APP on all its claims and awarding APP possession of the real property; it retained jurisdiction over APP's demand for damages for the use and detention of the real property, but it certified its judgment as final under Rule 54(b), Ala. R. Civ. P. Davis

8

and Pickard filed separate appeals, which were consolidated. On appeal, our supreme court determined that Rule 54(b) "does not contemplate a final judgment as to only part of one claim" and that, "[b]ecause the demand for damages [was] still pending," the judgment on APP's ejectment claim was not a "final" judgment as contemplated by Rule 54(b). ___ So. 3d at ___. Thus, it concluded that the Jefferson Circuit Court had exceeded its discretion in certifying its judgment as final under Rule 54(b). Id. Because the judgment was nonfinal, our supreme court dismissed the appeals. Id.

In the present case, like in Davis, Thrash filed a complaint seeking to recover possession of the property and an award of "damages for mesne profits, waste, and other injury to the [property] as well as the value of the use and occupation thereof" by LeFlore. In its October 7, 2024, judgment granting Thrash's motion for equitable relief, the trial court retained jurisdiction to "issue any additional relief as may be necessary." The judgment does not address Thrash's claim for damages for mesne profits, waste, other injury to the property, or the value of the use and occupation of the property by LeFlore. Like in Davis, we conclude that

9

the trial court's judgment is not a final judgment that will support an appeal. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

All the judges concur.