This case concerns the interpretation of a lease agreement containing an option-to-purchase provision. The trial court found that § 6.03 of the agreement "unambiguously states a formula for the calculation of the Option Purchase Price, namely a formula based upon $460,000 amortized over twenty years at 12.5% interest." Based on this formula, the trial court found that all rental payments made during the term of the lease should be credited against this amortization formula, with all payments being first applied against accrued interest and the balance applied to principal each month. Yu, the lessee-purchaser, appeals.
The dispositive issue is whether the trial court erred in determining as a matter of law that the provision in question was unambiguous.
The record, in pertinent part, reveals the following: In 1985, Linda Colon executed a five-year lease agreement with Jerriel and Shirley Stephens. The lease gave Colon an option to purchase the property prior to the end of the lease term. In April 1986, Colon assigned her interest in the lease to Yu. The parties are in agreement that there was no intent to change, in any way, the provision of the lease.
In February 1989, Yu gave notice to the Stephenses that she was exercising the option. Yu contended to the Stephenses that the option purchase price would be approximately $236,271.25. The Stephenses disagreed, stating that the option purchase price pursuant to the lease agreement was approximately $436,577.24. The difference in the calculations of the option purchase price resulted from conflicting interpretations of § 6.03 of the lease.
Section 6.03 reads as follows:
 "6.03 The purchase price for the real and personal property shall be the sum of FOUR HUNDRED NINETY-FIVE THOUSAND ($495,000.00) DOLLARS. Upon the exercise of her option to purchase, Lessee shall be entitled to a credit for the sum paid in consideration of this option as specified above [$35,000]. The balance of the purchase price due upon the exercise of this option shall be calculated based upon amortizing the sum of FOUR HUNDRED SIXTY THOUSAND ($460,000.00) DOLLARS, for a period of twenty (20) years with interest at the rate of 12.5% per year as per the attached amortization schedule. All monthly rental payments made by Lessee under the terms of this lease shall also be credited towards the amount due Lessor upon the exercise of Lessee's option to purchase.
(Emphasis added.) Yu then filed the present suit in the Circuit Court of Madison County, where the interpretation of the agreement was contested.
Whether an agreement is ambiguous is a question of law for the trial court. Terry Cove North v. Baldwin County SewerAuthority, Inc., 480 So.2d 1171 (Ala. 1985). The agreement must be construed in its entirety, and a single provision or sentence is not to be disassociated from others having reference to the same subject matter. Englund's Flying Service,Inc. v. Mobile Airport Authority, 536 So.2d 1371 (Ala. 1988). Further, we point out that just because the parties allege different constructions of an agreement, it *Page 860 
does not necessarily mean that the agreement is ambiguous.Englund's.
Yu asserts that § 6.03 provides that the monthly rental payments are to be directly applied to the outstanding principal ($460,000) only and not any amortized principal. She argues that this interpretation is in keeping with the following sentence from the provision in question: "All monthly rental payments made by Lessee under the terms of this lease shall also be credited towards the amount due Lessor upon the exercise of Lessee's option to purchase."
Upon review of the agreement, we find Yu's interpretation of the provision to be unreasonable. Clearly, such a strained construction is not in keeping with the rest of § 6.03, specifically the sentence concerning the terms of amortization. To give effect to Yu's interpretation, the court would have to ignore the clear and plain meaning of the term "amortization."[1]
The provision makes it clear that the balance of the purchase price shall be calculated based upon amortization of the purchase price over a 20-year period. Therefore, we find the only reasonable interpretation of the provision to be that the monthly payments made by the lessee are to be credited against the amortization schedule, with all payments being first applied against accrued interest and the balance applied to principal each month.
The judgment in this case is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] An amortization plan for the payment of an indebtedness is one where there are partial payments of the principal, and accrued interest, at stated periods for a definite time. See Black'sLaw Dictionary 83 (6th ed. 1990).