Jerry Peacock sued the Houston County School Board in the Houston County Circuit Court, seeking declaratory relief. The trial court found for the Board, and Peacock appeals. We reverse. *Page 309 
The trial court heard the evidence in this case ore tenus. Therefore, the court's findings of fact will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala. 1980).
Jerry Peacock had been employed by the Houston County Board of Education from the beginning of the 1981-82 school year to the present, as a building construction teacher. Peacock has a "day trade certificate," issued by the Alabama State Board of Education and required for the position he currently holds. In addition to his day trade certificate, Peacock has a AA certificate in administration and supervision, issued by the Alabama State Board of Education. In May 1977, the Alabama State Board of Education passed the following resolution:
 "1. That the In-Field Teaching Assignment Concept adopted on January 25, 1972, is hearby extended to mean and include all advanced levels of certification.
 "2. That local boards of education will be reimbursed at the Class A or Class AA salary level for only those staff members who hold the type of advanced level certification which is appropriate for their assignment(s). This stipulation is effective for those persons who complete an advanced level approved program on or after September 1, 1978. It is not applicable to those individuals who already hold advanced level certificates issued by the Alabama State Board of Education. . . ."
It is undisputed that Peacock received his AA certificate in administration and supervision from the State of Alabama Board of Education before September 1, 1978. Teachers who earned A or AA certificates before September 1, 1978, were entitled to advanced level pay even if the advanced certificates were not in their current field of instruction. Peacock contends that he was entitled to additional compensation because of his advanced certificate. The Houston County Board of Education claims that Peacock was not entitled to additional compensation, because, it argues, the statute in question does not apply to day trade teachers.
When interpreting an administrative resolution, this Court must look to the plain meaning of the resolution, AlabamaPrecast Products, Inc. v. State Department of Revenue,332 So.2d 160 (Ala.Civ.App.), cert. denied, 332 So.2d 164 (Ala. 1976); it must interpret the language of the resolution in relation to the resolution as a whole, rather than focus only on an isolated clause or paragraph, Alabama Medicaid Agency v.Beverly Enterprises, 521 So.2d 1329 (Ala.Civ.App. 1987); and, an agency's interpretation of its own regulation is controlling unless it is plainly erroneous. Parker v. Bowen, 788 F.2d 1512
(11th Cir. 1986). Additionally, in this case this Court must apply the ore tenus rule, set out above. However, the ore tenus rule applies only to questions of disputed fact, not to questions of law. Sterling Oil of Oklahoma, Inc. v. Pack,291 Ala. 727, 287 So.2d 847 (1973).
Operating within these guidelines, we conclude that Peacock was entitled to additional compensation on the basis of his AA certificate in administration and supervision. The Houston County Board argued that the resolution did not apply to day trade teachers, and that the State Board, when it passed the resolution, intended that it not apply to day trade teachers; the Houston County Board argued that this intent was evidenced by the omission from the resolution of any mention of day trade teachers. The resolution provides that the "local boards of education will be reimbursed at the Class A or Class AA salary level for only those staff members who hold the type of advanced level certification which is appropriate for their assignment(s)" and that this stipulation "is not applicable to those individuals who already hold advanced level certificates issued by the Alabama State Board of Education." (Emphasis added.) It is undisputed that day trade teachers are considered by the State Department of Education to be "employed in the profession of teaching." If this Court looks to the plain meaning of the resolution, it must hold that day trade teachers are included, because they are not specifically omitted. The resolution makes no distinction between classes of teachers; it refers only to "staff members" and "individuals." The interpretation of the resolution by the Houston County Board of Education is plainly erroneous, *Page 310 
in that it is inconsistent with the plain meaning of the words used. Peacock is, therefore, entitled to the additional compensation received by other teachers who had advanced certificates before September 1, 1978. The judgment of the trial court is reversed and this cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.