This appeal concerns a specific arbitration clause in a vehicle mechanical repair service contract between the plaintiff Ruby Joyce Welch and the defendant Ryan Warranty Services, Inc. Ryan Warranty appeals from the trial court's denial of its motion to submit the dispute to arbitration and to stay the action pending arbitration. We affirm.
Welch purchased a used 1988 Chevrolet Beretta automobile from the Plaza Annex dealership in Dothan on May 3, 1994. When she bought the car, she also purchased a used vehicle mechanical repair agreement from Ryan Warranty Services, Inc., for a premium of $779. This agreement contained the following provision: *Page 1272 
 "YOUR RESPONSIBILITIES IF YOU HAVE A BREAKDOWN
"If you experience a breakdown you agree to:
 * Use all reasonable means to protect your car from further damage.
 * Notify us as soon as possible if you are unable to return to the dealer from whom you purchased this Agreement.
 * Furnish us with such information as we may reasonably require, and if requested provide proof of your car's regular maintenance during the Agreement Period as recommended by the manufacturer in the Owner's Manual.
 * Allow us to examine your car
if we ask to do so.
 * Obtain authorization from Ryan Warranty Services, Inc. prior to beginning any repairs covered by this Agreement when repairs are to be performed by a repairer other than us.
 * If you have a breakdown on a weekend or holiday, please call the following business day to receive further instructions. Customer service hours are 7:30 AM — 5:00 PM (central time) Monday through Friday."
(Bold type in the original.) In December 1994, the car broke down. The repairs were completed before Ryan Warranty had performed an inspection. Welch submitted a claim to Ryan Warranty Services.
On February 3, 1995, Ryan Warranty denied Ms. Welch's claim, on the grounds that she had breached the warranty agreement by not allowing Ryan's agent to inspect the vehicle before the repairs were made, as provided for in the agreement. Ryan Services stated in its letter to Ms. Welch:
 "Ryan Warranty Services, Inc., has reviewed the claim on the above referenced agreement, and is unable to provide reimbursement for the following reason(s):
 "Authorization for the repair was not obtained prior to completion as required under the terms of the Mechanical Repair Contract. We were unable to inspect the vehicle for the necessity of the repairs performed. . . ."
Ryan Services denied the claim in its entirety.
Welch then sued Ryan Warranty, alleging breach of contract, bad faith, and fraud. Ryan Warranty moved to submit the dispute to arbitration and to stay the proceedings pending arbitration. Ryan Warranty appeals from the trial court's denial of this motion.
The mechanical repair service contract between the parties contains a specific arbitration clause, which reads as follows:
"ARBITRATION
 "In the event of a disagreement between you and us concerning costs, either of us may make a written demand for arbitration. This must be done within 60 days after the day you filed your claim. Each of us will select an appraiser. The two appraisers will select an umpire. Each of us will pay the expenses of the appraiser we select. The expenses of the umpire will be shared equally. Unless both of us agree otherwise, arbitration will take place in the county and state in which you
live. Local rules apply. A majority decision will be binding."
(Bold type in the original.) The term "cost" is defined in the agreement:
 " 'Cost' means the usual and fair charges for parts and labor necessary to repair or replace the parts covered. These charges shall not exceed manufacturer's suggested retail price for parts and labor allowances derived from nationally recognized labor time standards. Replacement parts will be of the same quality as the covered parts and may include new, rebuilt, or used parts."
The standard of review applicable in this case is the "clearly erroneous" standard. Ex parte Warrior Basin Gas Co.,512 So.2d 1364, 1368 (Ala. 1987); Ex parte Kent Corp.,641 So.2d 242 (Ala. 1994). Applying this standard, we conclude that the trial court's denial of the motion to compel arbitration and to stay the proceedings pending arbitration is not clearly erroneous.
The question whether a contract's arbitration clause requires arbitration of a given dispute remains a matter of contract interpretation. Atkinson v. Sinclair Refining *Page 1273 Co., 370 U.S. 238, 242, 82 S.Ct. 1318, 1321, 8 L.Ed.2d 462
(1962). The answer depends on the intent of the parties, and the threshold question is whether the parties intended that the particular dispute be covered by the arbitration clause. Exparte Warrior Basin Gas Co., supra, at 1367, citing SeaboardCoast Line R.R. v. Trailer Train Co., 690 F.2d 1343 (11th Cir. 1982). The Court of Appeals for the Eleventh Circuit held in Seaboard that, notwithstanding the applicability of the Federal Arbitration Act to a contract's arbitration clause, the question whether the clause requires arbitration of a given dispute remains a matter of contractual interpretation, to be determined by the intent of the parties. 690 F.2d at 1348.
When parties so tailor an arbitration clause that it is applicable only in a clearly defined situation, such as the clause in this case, it indicates that the parties intended to limit the arbitrable issues to those specified. UnitedSteelworkers of America v. Warrior Gulf Navigation Co.,363 U.S. 574, 584-85, 80 S.Ct. 1347, 1353-54, 4 L.Ed.2d 1409
(1960). A party to a contract can be forced to arbitrate only those issues he or she specifically agrees to submit to arbitration. First Options of Chicago, Inc. v. Kaplan,514 U.S. 938, 943-44, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). General rules of contract interpretation require that the intent of the parties be derived from the words of the contract, unless an ambiguity exists. Loerch v. National Bankof Commerce, 624 So.2d 552 (Ala. 1993). Additionally, a contract is to be construed in its entirety and not solely on a single provision. Yu v. Stephens, 591 So.2d 858 (Ala. 1991).
The trial court determined that the contract here did not require arbitration of the dispute presented in Welch's action, but the court did not make specific findings of fact. This Court has written to the situation where a trial court denies a motion to compel arbitration, but does so without making a specific finding of fact:
 "[W]e assume that the trial court found, as a fact, that the parties did not intend for this particular dispute to be covered by the arbitration clause. In other words, although the finding of the trial court is not specific, we must assume that the trial judge, by denying the stay of proceedings pending arbitration, necessarily found that the parties did not intend for the arbitration clause to cover the dispute. We make this assumption based on the rule that 'when the trial court makes no formal findings of fact, the reviewing court will assume that the trial court made those findings which will justify the decree rendered.' Smith v. Citicorp Person-to-Person Financial Centers, Inc., 477 So.2d 308, 309 (Ala. 1985)."
Ex parte Warrior Basin Gas Co., supra, 512 So.2d at 1368. It is clear that the trial court concluded that Ryan Services denied Welch's claim because it contended that she had breached the agreement.
The trial court concluded that the parties intended that the arbitration clause be specific and limited only to the issue of costs, and, thus, that Ryan Warranty was not entitled to compel arbitration. Such a determination by a trial court of what was intended by the parties in their agreement is a question of fact, not to be disturbed by this Court unless clearly erroneous. Ex parte Warrior Basin Gas Co., supra, 512 So.2d at 1368, citing Western Beef, Inc. v. Compton Investment Co.,611 F.2d 587, 591 (5th Cir. 1980). It is clear from the agreement that the parties intended this to be a clearly defined and specific arbitration clause, applying only to disputesconcerning costs. The agreement defines "costs" as "the usual and fair charges for parts and labor necessary to repair or replace the parts covered." As previously stated, Ryan Warranty denied Welch's claim in its entirety. The question whether the charges associated with repairing the vehicle were "usual and fair charges for parts and labor necessary to repair," which would be subject to arbitration, was not raised.
For the reasons stated above, the order of the trial court is affirmed.
AFFIRMED.
ALMON, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent. *Page 1274