THOMPSON, Presiding Judge.
Varonika Hamilton filed a complaint in the Montgomery Circuit Court (“the trial court”) against the Alabama Department of Postsecondary Education (“the Department”) and Chattahoochee Valley Community College (“CVCC”) seeking declaratory relief or, in the alternative, the issuance of a writ of mandamus requiring the Department and CVCC (hereinafter together referred to as “the petitioners”) to reinstate her to her employment with CVCC. The petitioners filed a motion to dismiss Hamilton’s complaint, arguing, among other things, that the trial court lacked subject-matter jurisdiction because Hamilton was not entitled to a hearing; the petitioners also asserted that Hamilton had failed to exhaust administrative remedies that might be available to her and that the equitable doctrine of laches barred Hamilton’s claims. The trial court entered an order denying the petitioners’ motion to *441 dismiss. The petitioners filed a timely petition for a writ of mandamus in this court.
The denial of a motion to dismiss is reviewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000); Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006). Our supreme court has stated:
“This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).”
Ex parte Flint Constr. Co., 775 So.2d at 808.
The materials the parties submitted to this court reveal the following facts. Hamilton began her employment with CVCC on August 15, 2005. She was employed by CVCC for almost three years pursuant to a series of “letters of appointment.” The parties entered into the last “letter of appointment” in September 2007. On July 29, 2008, CVCC notified Hamilton that it was terminating her employment as of August 13, 2008. Hamilton requested a hearing to contest the termination of her employment, but that request was denied.
The Fair Dismissal Act (“FDA”), § 36-26-100 et seq., Ala.Code 1975, governs the termination of the employment of employees of two-year colleges such as CVCC. Under the FDA, an employee who has been employed for less than three years is a “probationary employee.” § 36-26-101, Ala.Code 1975. A probationary employee’s employment may be terminated without cause with 15 days’ notice. Id. It is well settled that a probationary employee does not have a property interest in his or her employment and that he or she may be terminated without cause with 15 days’ notice. Davis v. J.F. Drake State Tech. Coll., 854 So.2d 1151, 1154 (Ala.Civ.App.2002); Gainous v. Tibbets, 672 So.2d 800, 805 (Ala.Civ.App.1995) (“Probationary employees do not possess property rights in their employment and are, therefore, not entitled to due process rights to safeguard their jobs.”).
An employee who has been employed for more than three years attains nonprobationary status. § 36-26-102, Ala. Code 1975. A nonprobationary employee has a property interest in his or her continued employment and is afforded certain due-process rights, including the right to contest the termination of his or her employment before an administrative law judge (“ALJ”). See §§ 36-26-104 through -06, Ala.Code 1975; and Simmons v. Coosa County Bd. of Educ., 47 So.3d 1231, 1235-36 (Ala.Civ.App.2009) (“The FDA entitles nonprobationary employees ... to certain due-process rights before their employment is terminated....”).
According to the allegations in the submissions to this court, Hamilton requested a hearing to contest the termination of her employment. Hamilton concedes that, at the time of her termination, she was a probationary employee of CVCC, i.e., one who had been employed for less than three *442 years, and, therefore, that she would not normally be entitled, under the FDA, to a hearing to contest the termination of her employment.
Hamilton maintains, however, that she was entitled to the hearing she requested because, she contends, at the time of her termination, she was a “probationary employee under contract,” a term that is referenced in the 2008 Alabama Community College System Uniform Guidelines (“the UCCS Guidelines”), Policy number 619.01. The term “probationary employee under contract” is not defined in Policy number 619.01 of the UCCS Guidelines. However, with regard to a “probationary employee under contract,” Policy number 619.01 provides:
“If a probationary employee under contract is terminated within the period of a contract, the employee is entitled to be given cause and the opportunity for a hearing under these procedures adopted by the State Board of Education. Employment agreements shall be offered for either three (3), nine (9), or twelve (12) months. If fifteen (15) calendar days prior to the end of the contract period, the person is not notified in writing that his or her services will no longer be required, he/she shall be offered another employment agreement for the same length as the prior contract unless otherwise agreed by the President and the employee.”
§ 2.4, Policy number 619.01, UCCS Guidelines.[1]
CVCC’s president, Dr. Laurel Blackwell, denied Hamilton’s request for a hearing to contest the termination of her employment. According to the submissions before this court, Dr. Blackwell took the position that Hamilton was a probationary employee and that Hamilton was not a “probationary employee under contract.” Therefore, Dr. Blackwell determined that Hamilton was not entitled to a hearing under the FDA or Policy number 619.01 of the UCCS Guidelines. Following the denial of her request for a hearing, Hamilton took no further action until December 23, 2008, when she filed her complaint in the trial court.
The first issue presented to this court is whether Hamilton was entitled to a hearing pursuant to Policy number 619.01 of the UCCS Guidelines and the FDA. The petitioners dispute that Hamilton is a “probationary employee under contract,” as that term is used in § 2.4 of Policy number 619.01, quoted above. In arguing that she is a “probationary employee under contract” who is entitled to a hearing to contest the termination of her employment, Hamilton relies on House v. Jefferson State Community College, 907 So.2d 424 (Ala.2005), and the September 2007 “letter of appointment” pursuant to which she was employed by CVCC.
In House, supra, House was a probationary employee of a two-year college whose employment was terminated shortly before he obtained nonprobationary status. House filed an action against the college, arguing that his employment had been improperly terminated and that he had not been afforded a hearing to contest that termination. The trial court entered a summary judgment in favor of the college, and House appealed. House, relying on Policy number 619.01 of the Revised Hearing Procedure adopted by the State Board of Education, the pertinent provisions of which were substantially similar to § 2.4 of policy number 619.01 of the UCCS Guide *443 lines, contended that he was a “probationary employee under contract” and, therefore, that he was entitled to a hearing upon notice of his termination. The record indicated that House’s “letter of appointment” specified that House was a probationary employee whose employment could be terminated upon 15 days’ notice. The college argued that House was employed under an open-ended letter of appointment that did not constitute an employment contract and instead offered at-will employment, but our supreme court rejected that argument. The supreme court relied on a reference in the “letter of appointment” indicating that House’s salary demonstrated that he was employed for a nine-month period and concluded that, because the contract had a definite term, “House was ‘a probationary employee under contract’ ” and that his employment had been terminated within the period of the contract. House, 907 So.2d at 427. Therefore, the supreme court determined that House was “‘entitled to be given cause and the opportunity for a[n administrative] hearing.’ ” Id.
In this case, after Hamilton had been employed by CVCC for approximately two years, she received the September 2007 “letter of appointment” that offered her continued employment with CVCC; references in the materials submitted to this court indicate that that “letter of appointment” was effective for a one-year term. Hamilton’s September 2007 “letter of appointment” specified that Hamilton was hired as a probationary employee and that her employment could be terminated, at will, upon 15 days’ notice.
Hamilton points out that the “letter of appointment” in House was similar to hers in that it was for a specific duration and that House’s “letter of appointment” was construed as an employment contract establishing House’s status as a “probationary employee under contract.” House, supra. Thus, under the authority of House, it would appear that Hamilton’s September 2007 “letter of appointment” constituted an employment contract, thereby making Hamilton a “probationary employee under contract.”
However, Hamilton’s September 2007 “letter of appointment” also contained the following provision:
“Pursuant to State law and the policies, rules, and regulations of the State of Alabama Board of Education, your employment in the above position shall be probationary and shall be ‘at will’ to be continued or discontinued at any time, with or without cause, by the President of the College. In the event that the President shall decide to discontinue your employment, you shall receive a written notice of such no later than fifteen (15) days prior to the effective date of the discontinuation of employment.”
(Emphasis added.) Hamilton signed the September 2007 “letter of appointment” under a paragraph stating, among other things, that, “by my signature below, I accept this offer of employment and the terms, conditions, and provisions of the Letter of Appointment.”
The above-quoted provisions of Hamilton’s September 2007 “letter of appointment” are clear and unambiguous: Hamilton agreed to be employed as a probationary employee whose employment was “at will” and could be terminated with or without cause. Further, Hamilton’s September 2007 “letter of appointment” is distinguishable from the one analyzed in House, supra. Nothing in House indicates that the “letter of appointment” in that case contained a provision specifying that the employment offer was terminable “at will,” and that, as with at-will employment generally, *444 the offer of employment could be “discontinued at any time, with or without cause,” as is specified in Hamilton’s September 2007 “letter of appointment.” Accordingly, given the specific language of the September 2007 “letter of appointment,” we conclude that Hamilton was not a “probationary employee under contract.”
Hamilton concedes that she was a probationary employee and that she was entitled to a hearing to contest the termination of her employment only if she were determined to be a “probationary employee under contract.” Because this court has resolved that issue against Hamilton, we must conclude that because Hamilton did not have a right to a hearing under Policy number 619.01 or the FDA, the trial court lacked jurisdiction over Hamilton’s claims. The petitioners have demonstrated a clear legal right to the dismissal of Hamilton’s claims, and, therefore, we issue the writ of mandamus directing the trial court to enter a judgment of dismissal. See Ex parte Flint Constr. Co., 775 So.2d at 808.
Even assuming, however, that Hamilton could be said to be a “probationary employee under contract,” we conclude that the petitioners are entitled to the writ of mandamus on another basis. The petitioners contend that Hamilton failed to exhaust the administrative remedies available to her under Policy number 619.01, § 10.
“The Court held the following in regard to the doctrine of exhaustion of administrative remedies, in City of Huntsville v. Smartt, 409 So.2d 1353, 1357 (Ala.1982):
“‘Alabama has adopted the “doctrine of exhaustion of administrative remedies.” This doctrine “requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.” Fraternal Order of Police, Strawberry Lodge v. Entrekin, 294 Ala. 201, 209, 314 So.2d 663, 670 (1975). Entrekin approved the “exhaustion of administrative remedies” doctrine found in United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), which applies “where a claim is cognizable in the first instance by an administrative agency alone.” By that doctrine “judicial interference is withheld until the administrative process has run its course....” Entrekin, at 210, 314 So.2d 663.’
“In Hall v. City of Dothan, 539 So.2d 286 (Ala.Civ.App.1988), the Court of Civil Appeals discussed the purpose of the requirement that public employees exhaust administrative remedies before obtaining judicial review:
“ ‘The exhaustion doctrine allows an agency to fully develop technical issues and factual records within its particular area of expertise prior to judicial review. The agency can thereby have the first opportunity to correct any errors it may have made, and further judicial action may become unnecessary.’
“539 So.2d at 289.”
Talton Telecomm. Corp. v. Coleman, 665 So.2d 914, 919 (Ala.1995).
The UCCS Guidelines set forth a number of administrative remedies that are available to certain classifications of employees of the community-college system. With regard to a situation in which an employee is entitled to a hearing to contest the termination of his or her employment, § 10 of Policy number 619.01 of the UCCS Guidelines provides:
*445 “10. Direct Appeal by Employee Denied a Hearing
“10.1. A nonprobationary employee who has been denied a hearing before the President and has been transferred, terminated, or suspended has the right to appeal directly to the Chief Administrative Law Judge of the Office of Administrative Hearings, Office of the Attorney General, for relief. The Administrative Law Judge will be appointed by the Chief Administrative Law Judge to address the issue raised in the appeal. The appeal must state facts sufficient to allow the judge to determine tentatively whether or not the President has complied with the Fair Dismissal Act statutes. The President may answer or deny in writing the facts set out in the appeal. If no denial is filed, the facts set out in the appeal will be taken as true. The judge shall review the employee’s request and the President’s answer or denial and determine, with or without a hearing, whether the President has complied with the statutes. Based upon the findings, the Administrative Law Judge may:
“10.11 Order a hearing before the President.
“10.12 Determine that the employee has been transferred, suspended, or dismissed in violation of the law and rescind the action taken by the President.
“10.13 Sustain the action taken by the President.
“10.2. The action of the Administrative Law Judge is final.”
Hamilton argues that § 10 of Policy number 619.01 afforded her no administrative remedies because, she says, the first line of § 10 indicates that the section applies only to nonprobationary employees who are denied a hearing. In response, the petitioners point out that § 2.4 of Policy number 619.01 affords a “probationary employee under contract” the right to a hearing contesting the termination of his or her employment. See § 2.4, quoted supra. Accordingly, the petitioners contend that, assuming that Hamilton was a “probationary employee under contract,” the administrative remedies set forth in Policy number 619.01, specifically § 10 of that policy, were available to Hamilton. The resolution of the arguments turns on the reconciliation of the two sections of Policy number 619.01.
The courts interpret administrative regulations such as Policy number 619.01 in accordance with the same principles that are applied to the construction of statutes. Ball Healthcare-Jefferson, Inc. v. Alabama Medicaid Agency, 10 So.3d 1027, 1030 (Ala.Civ.App.2008). “The language used in an administrative regulation should be given its natural, plain, ordinary, and commonly understood meaning, just as language in a statute.” State Pers. Bd. v. Wallace, 682 So.2d 1357, 1359 (Ala.Civ.App.1996). The rule or regulation must be interpreted as a whole; an interpretation may not “focus only on an isolated clause or paragraph.” Peacock v. Houston County Bd. of Educ., 653 So.2d 308, 309 (Ala.Civ.App.1994); see also Alabama Medicaid Agency v. Beverly Enters., 521 So.2d 1329 (Ala.Civ.App.1987). Further, the interpretation of the agency that promulgated the rule is controlling unless that interpretation is clearly erroneous. Id.
As Hamilton herself insists, § 2.4 of Policy number 619.01 affords a “probationary employee under contract” the right to a hearing. In fact, Hamilton relies on that “right” in asserting her claims before the trial court. The right to a hearing to which Hamilton refers is for a hearing conducted pursuant to the “procedures *446 adopted by the State Board of Education ” or, in other words, pursuant to the procedures set forth in Policy number 619.01. See § 2.4, Policy number 619.01, UCCS Guidelines (emphasis added). Thus, it is clear that § 2.4 of Policy number 619.01 expands the administrative remedies that are normally available under Policy number 619.01 only to nonprobationary employees to also provide administrative safeguards to “probationary employee[s] under contract.”[2] To interpret Policy number 619.01 in the manner advocated by Hamilton, i.e., as not providing a hearing for a “probationary employee under contract,” would render § 2.4 meaningless. In. other words, under Hamilton’s interpretation, Policy number 619.01 would not provide the “hearing under these procedures” that is clearly provided under § 2.4 to a “probationary employee under contract.” It must be presumed that every “ ‘word, sentence, or provision’ ” must have a purpose, and effect must be given to each. Ex parte Uniroyal Tire Co., 779 So.2d 227, 236 (Ala.2000) (quoting Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.1997)). We conclude that Hamilton has failed to demonstrate that the petitioners’ interpretation of § 10 of Policy number 619.01 as providing a “probationary employee under contract” an administrative remedy is “plainly erroneous.” Ex parte Board of School Comm’rs of Mobile County, 824 So.2d 759, 761 (Ala.2001) (“An agency’s interpretation of its own policy is controlling unless it is plainly erroneous.”).
Thus, assuming that Hamilton was, as she contends, a “probationary employee under contract,” Hamilton was required to exhaust the administrative remedies available under Policy number 619.01 of the UCCS Guidelines.
“[The] doctrine [of exhaustion of administrative remedies] ‘requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.’ Fraternal Order of Police, Strawberry Lodge v. Entrekin, 294 Ala. 201, 209, 314 So.2d 663, 670 (1975). Entrekin approved the ‘exhaustion of administrative remedies’ doctrine found in United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), which applies ‘where a claim is cognizable in the first instance by an administrative agency alone.’ By that doctrine ‘judicial interference is withheld until the administrative process has run its course .... ’ Entrekin, at 210, 314 So.2d 663.”
City of Huntsville v. Smartt, 409 So.2d 1353, 1357 (Ala.1982) (emphasis added).
Hamilton did not exhaust her administrative remedies before seeking relief in the trial court. Accordingly, we agree with the petitioners that the trial court erred in denying their motion to dismiss Hamilton’s complaint based on her failure to exhaust her administrative remedies.[3] *447 For the reasons stated in this opinion, we grant the petition for a writ of mandamus.
PETITION GRANTED; WRIT ISSUED.
PITTMAN and THOMAS, JJ., concur.
BRYAN and MOORE, JJ., concur in the result, without writings.

. We note that it is undisputed that the FDA does not contain any provisions pertaining to a "probationary employee under contract.”

. We do not decide whether the status “probationary employee under contract” is equivalent, at least during the term of the employee’s contract, to the status of nonprobationary employee.

. We also note, without so holding, that the petitioners’ argument that Hamilton’s action should also be barred by the equitable doctrine of laches is persuasive. See Williams v. Hobson, 5 So.3d 630, 632 (Ala.Civ.App.2008) (A motion to dismiss may properly be based on die affirmative defense of laches "when the face of the complaint itself shows that the affirmative defense bars the claim.”). Hamilton first sought relief by filing a complaint in the trial court almost five months after she received notice of the termination of her employment. Nonprobationary employees must file a contest to a termination pursuant to the FDA and Policy number 619.01 within 15 days. See § 36-26-105, Ala.Code 1975; and Policy number 619.01, § 5. Thus, in arguing *447 that her complaint in the trial court was not barred by laches, Hamilton seeks to obtain for herself greater rights and remedies, or at least a much longer period in which to assert those purported rights, than those nonprobationary employees whom the FDA and Policy number 619.01 were intended to benefit.