MOORE, Judge.
Fred Jackson, Tara Graves, Claudette Lepper, Benjamin Seales, Alisa Rodgers, Felicia Johnson, and Debra Bendolph (sometimes hereinafter referred to collectively as “the employees”) appeal from a judgment of the Montgomery Circuit Court (“the trial court”) dismissing their petition for a writ of mandamus filed against the Alabama Board of Adjustment (“the Board”).
The employees filed a petition in the trial court alleging, among other things, that each of the employees had sustained out-of-pocket expenses pursuant to iryuries they had suffered while working for the State of Alabama and that each of their claims had been dismissed without a hearing. The employees sought a writ of mandamus from the trial court ordering the Board to conduct a hearing on each employee’s claim. The Board filed a motion to dismiss the petition, alleging, among other things, that Bendolph’s claim had been heard by the Board and denied; that the remaining employees’ claims had been dismissed without a hearing because the employees had failed “to provide additional supporting documentation of their claims despite repeated requests by the [Board]”; and that, as a result, the dismissals had been authorized pursuant to Rule 22(f) of the Rules of the Alabama Board of Adjustment (2012). Following a hearing on the motion to dismiss, the trial court granted that motion on November 22, 2013. The employees filed a postjudgment motion, which was denied by the trial court on December 13, 2013. The employees filed a notice of appeal to this court on January 22, 2014.
The employees argue on appeal that the trial court erred in dismissing their petition.
“On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) [, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted).
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
In support of their argument, the employees cite Ala.Code 1975, § 41-9-62, which provides, in pertinent part:
“(a) The Board of Adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider:
[[Image here]]
“(2) ... all claims for personal injuries to or the death of any employee of a city or county board of education, or college or university, arising out of *824 the course of the employee’s employment and where the employee is not covered by a worker’s compensation program....”
The employees argue that § 41-9-62 requires the Board to conduct hearings on each of their claims. We are not convinced, however, that the use of the word “hear” in § 41-9-62(a) mandates an evi-dentiary hearing. This court, for instance, may “hear” an appeal without conducting a hearing. See, e.g., Shonkwiler v. Kriska, 780 So.2d 703, 705 (Ala.Civ.App.2000) (“This court has jurisdiction to hear an appeal_”). Thus, to “hear” a claim or an appeal is a term of art in the legal field used to indicate the adjudication of a claim or an appeal, rather than to require an evidentiary hearing. At no time do the statutes governing the Board, Ala.Code 1975, § 41-9-60 et seq., refer specifically to an evidentiary hearing or the right of any party filing a claim for damages to such a hearing.
The Board argues on appeal that the statute creating the Board “did not create a right but granted a privilege in the exact terms employed.” State ex rel. McQueen v. Brandon, 244 Ala. 62, 65-66, 12 So.2d 319, 322 (1943). In Ex parte Houston County Board of Education, 562 So.2d 513, 514 (Ala.1990), the Alabama Supreme Court stated, in pertinent part:
“The legislature created the Board to hear claims against the State that would otherwise be precluded by governmental immunity, in recognition of the fact that the State would be morally, if not legally, obligated to pay damages in some circumstances. Hawkins v. Board of Adjustment, 242 Ala. 547, 548, 7 So.2d 775, 776-77 (1942). The statutes that created the Board, and that enumerate its powers, are to be strictly construed, since they do not create a right, but grant a privilege, to have certain types of claims heard. Therefore, the actions of the Board are restricted by the exact terms employed in those statutes. State ex rel. McQueen v. Brandon, 244 Ala. 62, 12 So.2d 319 (1943). In addition, decisions concerning the State’s liability that are properly before the Board are binding. Higgins v. Nationwide Mutual Ins. Co., 291 Ala. 462, 466, 282 So.2d 301, 304-05 (1973)....
[[Image here]]
[[Image here]]
“When the legislature drafted the statutes creating the Board, it made no provisions for appealing that body’s decisions. Although that omission may appear harsh, it is proper in light of the fact that the Board hears only claims over which no court has jurisdiction, Hawkins, 242 Ala. at 548, 7 So.2d at 776-77, and because the legislature’s intent was not to create new rights of action against the State, but rather to grant a privilege to have certain claims heard. Id.”
The employees argue in their reply brief that the cases cited by the supreme court in Ex parte Houston County Board of Education, which concluded that having certain claims heard before the Board is a privilege, and not a right, have been superseded by § 41-9-62. We agree that § 41-9-62 superseded the previous cases. See Ala.Code 1975, § 1-3-1. The statute does not, however, create a right to reimbursement in the employees, but only the ability to make a claim for reimbursement from the State free from the State’s invocation of sovereign immunity.
The employees argue that the Alabama. Supreme Court’s decision in Belcher v. Jefferson County Board of Education, 474 So.2d 1063 (Ala.1985), requires that the Board conduct hearings on their claims. In Belcher, the supreme court determined that the adoption by a board of education *825 of a specific written policy regarding teacher evaluations afforded enforceable legal rights to the teachers governed thereby or, in other words, “[h]aving adopted a policy, ... the Board [of Education] is bound to follow it.” 474 So.2d at 1068. We note that, in applying that holding in Belcher, the supreme court affirmed the dismissal of the due-process claims at issue in that case and reversed only the dismissal of the breach-of-eontract claims. Id. Thus, Belcher does not support the employees’ assertion that a stated policy can invoke a right or entitlement such that the failure to follow the policy violates due-process rights. See also Foster v. Blount Cnty. Bd. of Educ., 340 So.2d 751 (Ala.1976).
Moreover, contrary to the employees’ argument, the Rules of the Alabama Board of Adjustment (2012) do not provide for a hearing on every claim submitted to the Board. Under the heading “Administration,” Rule 8 of the Rules of the Board provides that “[t]he Board will conduct hearings on claims to receive evidence from the parties.” Under the heading “Claims Administration Procedure,” Rule 14 of the Rules of the Board describes the procedure for filing claims for personal injury and damages and vendor claims. Rule 14 provides, in pertinent part:
“(k) Deficient Claims. Claims which are not properly completed or do not include the required supporting documentation will be returned to the Claimant with the deficiencies identified. These claims will be held in suspense for a total of ninety days, at which time, the claim will be administratively dismissed by the Clerk of the Board if the deficiencies have not been cured.”
Rule 22 of the Rules of the Board speaks to “Disposition of Claims” and provides, in pertinent part:
“(a) Final Disposition. The evidence relating to all claims not settled by consent shall be heard in accordance with these rules at any regular or special hearing session of the Board or in accordance with Rule 21.
“(b) Hearings. The Board shall schedule hearings on claims from time to time. The Clerk of the Board shall prepare a docket for each hearing session that shall contain a list of the claims that the Board’s attorney has designated for hearing. No claim will be scheduled for hearing if litigation pertaining to the same facts is pending in any court.
[[Image here]]
“(d) Appearance Before the Board. Any claimant or his/her attorney or representative may elect to appear and be heard....
[[Image here]]
“(j) Administrative Dismissals. The Clerk of the Board may enter an Order of Dismissal upon receipt of evidence that the claim has been otherwise settled or paid, that it is a duplicate claim or the claimant has failed to provide information or documentation required by the Board after notice and opportunity to cure the deficiency.”
This court interprets administrative rules and regulations in accordance with the same principles that are applied to the construction of statutes. Ex parte Alabama Dep’t of Postsecondary Educ., 50 So.3d 439, 445 (Ala.Civ.App.2009). “The rule or regulation must be interpreted as a whole; an interpretation may not ‘focus only on an isolated clause or paragraph.’ ” 50 So.3d at 445 (quoting Peacock v. Houston Cnty. Bd. of Educ., 653 So.2d 308, 309 (Ala.Civ.App.1994)). Reading the Board’s rules as a whole, it is clear that, in certain cases, the Board may dismiss claims without a hearing at the end of 90 days if those claims do not include the required *826 supporting documentation and the claimant has been given notice of the deficiency and has failed to cure the same. Thus, the rules do not provide an unconditional right to a hearing on every claim presented to the Board. The Board argued before the trial court that the employees had failed to submit certain documentation in support of their claims to the Board, and the employees failed to dispute that assertion, claiming only that they were entitled to hearings to supplement the missing documentation.
The employees asserted in their petition that the Board had denied them their due-process rights “by depriving them of their property — lawful reimbursement of out-of-pocket expenses— without a hearing.” The employees argue that procedural due process requires an opportunity to be heard when one’s property interests are about to be affected by governmental action.
“ ‘To have a protectable right a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. The courts have rejected the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause. The question is not merely the weight of the individual’s interest, but whether the nature of the interest is one within the contemplation of the “liberty or property” language of the Fourteenth Amendment.’ ”
Slawson v. Alabama Forestry Comm’n, 631 So.2d 953, 957 (Ala.1994) (quoting Ellard v. State, 474 So.2d 743, 745 (Ala.Crim.App.1984), affirmed, 474 So.2d 758 (Ala.1985)). The employees have-failed to cité authority indicating that a statute created as an exception to a State’s sovereign immunity for the purpose of allowing certain individuals to file a claim against the State for reimbursement of out-of-pocket expenses creates a claim of entitlement to that reimbursement. See Rule 28(a)(10), Ala. R. Civ. P.
Because the employees have failed to prove that they have a clear legal right to either reimbursement for their out-of-pocket medical expenses or to hearings on their claims therefor, we affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.